Reginald SMITH *v.* STATE of Arkansas

CR 91-216                                        826 S.W.2d 256

Supreme Court of Arkansas
Opinion delivered March 9, 1992
[Rehearing denied April 13, 1992.]

*Ralph M. Cloar, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Reginald Smith, appeals his conviction for first-degree murder and his life sentence on essentially two grounds. He first argues that the circuit court unduly limited him in presenting his case and further erred in denying his motion for a mistrial. As part of this contention, he asserts that the circuit court was biased toward his defense counsel, and this denied him a fair trial. For his second point, the appellant urges that the circuit court erred in disallowing his conspiracy instruction. Neither argument has merit, and we affirm.

On May 27, 1990, the appellant and the victim, Gordon Little, were involved in an altercation at a shopping center in North Little Rock. The two men cursed each other and exchanged racial slurs. The appellant, Smith, is black; the victim, Little, was white. Little, who was accompanied by a female friend, drove away in his truck and in the process hit the appellant's truck. The appellant followed and fired a shot and hit Little's truck. The appellant's sister, Dolly Smith, trailed the two men in another vehicle. The appellant eventually caught up with Little at a stop light and pulled in front of Little's truck. He then shot Little six times through the windshield of his truck. He contended that Little, who was driving a pickup truck and pulling a gooseneck horse trailer, pinned him in between Little's truck and the appellant's truck when the appellant got out to discuss the traffic accident. Little died from those shots. Dolly Smith arrived at the scene, and she took the appellant's pistol and disposed of it behind a bush.

The appellant and Dolly Smith were subsequently arrested. The appellant was charged with capital murder, and Dolly Smith was charged with hindering arrest. The two defendants were tried jointly on May 29 and 30, 1991, and the appellant argued justification as a defense. Dolly Smith was acquitted, and the appellant was convicted of the lesser offense of first degree murder.

The appellant's initial point centers on a perceived curtailment of his case by the circuit court and overt bias toward his defense counsel, which the appellant asserts, under the totality of the circumstances, denied him a fair trial. The appellant supports this allegation with fifteen illustrations:

1.  At a pretrial hearing, the circuit court called the appellant's motions "ridiculous" and "bureaucratic nonsense."

2.  At the same pretrial hearing, the appellant's defense counsel stated that he felt that his method of practice had been maligned. The circuit court answered that it had not done this, although it could have.

3.  In chambers before selection of the jury, the circuit court, in commenting on pretrial publicity, stated that "everybody, including the jury out there, knows that anything you read in the press is probably wrong."

4.  Dolly Smith's attorney commented on the victim and the state's witness who had been a passenger in the victim's car that he found it incredible that one involved in a six-year adulterous relationship had never told a lie to cover it up. The circuit court answered that it was not impressed with what the attorney found to be incredible. This statement was made before the trial began.

5.  During cross-examination of a state's witness, Dolly Smith's attorney remarked that he was simply trying to get a straightforward answer. The circuit court commented, "You got one and it wasn't what you wanted. So let's go on."

6.  The circuit court interrupted Dolly Smith's attorney and corrected him concerning the number of rounds

that the appellant's pistol held. The attorney then agreed with the court's correction.

7. A conference was held among the circuit court, defense counsel, and the prosecutor at sidebar concerning the introduction into evidence of a photograph of the interior of the appellant's car and the gun clips. The appellant's counsel objected, and though the circuit court stated it would admit the photograph later after an appropriate foundation was laid, the photograph was never received into evidence. The gun clips were admitted later but only Dolly Smith's attorney objected.

8. At trial, the prosecutor questioned whether a defense witness was telling the truth after she had sworn to do so on the Bible. The prosecutor said that sometimes the oath was "not sufficient." The appellant's counsel asked the court to tell the prosecutor to "behave," and the circuit court replied by telling the prosecutor to "go ahead." No further request for relief was made by the appellant's counsel.

9. The attorney for Dolly Smith objected to the prosecutor's repetitive questioning of a defense witness about whether testimony from other witnesses was correct. The circuit court ruled that he would let it in for credibility purposes and added, "We'll remember what previous testimony has been, if there has been such." The court also said that he was trying to keep the rules the same for both sides.

10. The attorney for Dolly Smith asked the court to hold the prosecutor to the same rules as the defense. The circuit court responded, "Mr. Craig, that's the reason we make a record. I am to the best of my ability. And, if it's not satisfactory, we can get it corrected."

11. Dolly Smith's attorney stated that he was tired of the manner in which the prosecutor was asking questions which presupposed that the appellant intentionally shot at the victim. The circuit court responded that it was not interested in whether Dolly Smith's attorney was tired or not but only "in the rules of evidence." The court added,

"And, Mr. Craig, when I rule in your favor, it is not necessary that you thank the Court, nor is it necessary that you try to intimidate me when I rule against you. I'm just following the rules."

12. Dolly Smith's attorney attempted to make a motion outside of the presence of the jury, and the circuit court refused and then said that counsel could make the motion at a later time.

13. Dolly Smith's attorney asked before he rested that motions be allowed outside of the jury's presence. The circuit court ruled that it wanted to hear all of the testimony first and then would entertain motions.

14. Dolly Smith's attorney moved for a mistrial on grounds that the circuit court had acted improperly in receiving evidence and berated him before the jury. The appellant's attorney joined in that motion. The court responded that the appellant's counsel as well as counsel for Dolly Smith had tried to intimidate him in this and other cases and criticized both attorneys for improperly injecting race into the trial. The motion and the collateral conversation occurred in chambers.

15. The circuit court refused to give a conspiracy instruction offered by the appellant's counsel. The refusal and comments by counsel took place outside of the hearing of the jury.

■■ One point bears mention at the outset. All but one of the fifteen incidents enumerated by the appellant's counsel involved conversations that occurred outside of the jury's hearing or they were objections raised by counsel for Dolly Smith, not counsel for the appellant. Clearly, matters occurring away from the jurors would not prejudice the appellant in their eyes. *See Combs* v. *State*, 270 Ark. 496, 606 S.W.2d 61 (1980). Moreover, the appellant cannot benefit from objections made on behalf of another defendant or personal exchanges between counsel for the other defendant and the court. Unless the appellant's counsel objects on the appellant's behalf, the matter is not preserved for him on appeal.

■ We address two matters which the appellant's counsel

raises. The first relates to the prosecutor's questioning a defense witness's veracity, after she had sworn on a Bible. Although the appellant's counsel requested the court to tell the prosecutor to behave, he did not pursue his objection or ask for an admonition or for any other form of relief. Moreover, there was no prejudice arising from this exchange.

The second matter concerns the appellant's motion for a mistrial. This motion embraced assertions that the circuit court had acted improperly in receiving evidence before the jury and had chastised the appellant's counsel in chambers, all of which prejudiced the appellant. We do not agree. A mistrial is an extreme remedy which should be granted only where an error is so prejudicial that justice cannot be served by a continuation of the trial. *See Combs* v. *State, supra.* There were clearly strong feelings and some rancor and irritability exhibited in this case between both defense attorneys and the court. Nonetheless, we have held that reversible error does not occur when the record reveals that the trial court was merely irritated by the defense counsel's trial tactics. *See McDaniel* v. *State*, 283 Ark. 352, 676 S.W.2d 732 (1984). And we do not observe that the circuit court rebuked, ridiculed, or humiliated the appellant's counsel in front of the jury so as to warrant a reversal. Again, we note that most of the illustrations of prejudice advanced by the appellant involved counsel for Dolly Smith, who was acquitted.

For his final point, the appellant asserts error caused by the circuit court's failure to give the conspiracy instruction, AMCI 201. The appellant is convinced that a conspiracy instruction would have obviated any notion in the jurors' minds that the murder had been planned by the two defendants before the confrontation or that they were acting in concert so that evidence against one defendant could be considered against the other.

There must be some evidentiary basis for a jury instruction, however, and here there was no evidence presented that a conspiracy to kill Little occurred before the argument between the appellant and Little or that this murder had been planned in any respect. The court did instruct the jury that "you shall consider the evidence for or against each defendant separately and render your verdicts as if each were being tried separately." The court further admonished the jurors immedi-

ately before they began their deliberations to consider the two defendants separately and independently. That was enough. We have held that the circuit court is not required to give multiple instructions stating the law in various ways. *See Marx* v. *State*, 291 Ark. 325, 724 S.W.2d 456 (1987). Under these circumstances, the circuit court was correct in refusing the instruction.

An examination of the record has been made in accordance with Ark. Sup. Ct. R. 11(f), and it has been determined that there were no rulings adverse to the appellant which constituted prejudicial error.

Affirmed.