Bobby PICKETT *v.* STATE of Arkansas

CR 95-145                                    902 S.W.2d 208

Supreme Court of Arkansas
Opinion delivered July 3, 1995

*Val P. Price*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., Senior Appellate Advocate, for appellee.

ROBERT H. DUDLEY, Justice. Appellant, a habitual offender, was arrested for selling cocaine. He was charged and, as he was preparing for trial, interpreted the new presumptive sentencing guidelines, Ark. Code Ann. § 16-90-803 and -804 (Supp. 1993), to make him eligible for a sentence of only fifty-four months, although the statutory range for sale of cocaine is from ten to sixty years. Ark. Code Ann. § 5-64-401(a)(1)(i) (Repl. 1993). However, he observed that the presumptive sentencing guidelines do not apply to jury trials. Ark. Code Ann. § 16-90-803(a)(1) and (b)(4). He did not want to plead guilty, and so he asked for a non-jury trial to take advantage of the perceived difference in sentence ranges. The State objected and demanded a jury trial.

Appellant countered that, because the State must assent to the waiver of a trial by jury, *see* A.R.Cr.P. Rule 31.1, the sentencing standards in actuality create two classes of people, those who plead guilty and receive lesser sentences under the guidelines, and those who plead not guilty and are tried by a jury, and, when found guilty, receive a greater sentence. He concluded that the two classes constitute a denial of equal protection, and that, for the sentencing guidelines to pass Constitutional muster, both classes must be subject to the presumptive sentences. The trial court denied the motion.

Appellant next requested jury instructions that would have charged the jury that the presumptive sentence for the charged offense is fifty-four months and that the appropriate sentence

ranged from fifty-four months to sixty years. He tendered a verdict form that would allow the jury to sentence him in a range from fifty-four months to sixty years. The trial court denied the proffered instructions and verdict form.

The jury found appellant guilty and recommended a sentence of sixty years. Before the trial court pronounced sentence, appellant asked the court to use the sentencing guidelines. The trial court denied the request, sentenced appellant to sixty years imprisonment, and, accordingly, entered the judgment of conviction. We affirm.

Appellant first argues that the free exercise of his Constitutional right to a jury trial is impaired by the possibility of receiving a greater sentence if tried by a jury rather than a judge. *See United States* v. *Jackson,* 390 U.S. 570 (1968). He argues that the presumptive standards apply only to guilty pleas and bench trials and that the sentencing guidelines have created two classes of people; those who plead guilty and those who demand their right to a jury. He further argues that since a jury trial is a fundamental right, a statute that burdens the right is subject to strict scrutiny. *See Clements* v. *Fashing,* 457 U.S. 957 (1982); *McCambridge* v. *City of Little Rock,* 298 Ark. 219, 766 S.W.2d 909 (1989). The argument embraces a basic misunderstanding of the applicable statutes.

■ The sentencing guidelines do not burden the fundamental right to a jury trial because the statutory minimum and maximum ranges for a sentence always override the presumptive sentences. Section 16-90-803(b)(3)(C) provides: "The statutory minimum or maximum ranges for a particular crime shall govern over a presumptive sentence if the presumptive sentence should fall below or above such ranges." Therefore, the statutes do not allow a judge to sentence a defendant to a fifty-four month sentence when the statutory minimum is ten years, as in this case.

■ Appellant next argues that the trial court erred in refusing his proffered instructions and verdict form. The argument is without merit for the reason set out above. Appellant was not entitled to a fifty-four month presumptive sentence because the statutory minimum is ten years, and a trial court should not give an instruction that incorrectly states the law. *Cellars* v. *State,* 214 Ark. 326, 216 S.W.2d 47 (1948).

Appellant's final point is that the trial court erred in setting the sentence recommended by the jury. He argues that the trial court should have used the presumptive guidelines. We summarily dismiss the argument as the presumptive standards do not apply to sentences recommended by a jury. Ark. Code Ann. § 16-90-803(b)(4).

Affirmed.