The Honorable Paul R. Bosson, Prosecuting Attorney Eighteenth Judicial Circuit East 501 Ouachita Avenue Hot Springs, Arkansas 71901
Dear Mr. Bosson:
This opinion is being issued in response to your request that this office answer the following question:
 May a habitual offender who has been found guilty by a jury of an additional felony offense be sentenced, under the new sentencing guidelines and current jury instructions, to pay a fine only, with no prison time?
It is my opinion that petty habitual offenders may, under certain circumstances, be sentenced to pay a fine only, with no prison time.
The minimum sentence that a habitual offender[1] can receive is governed by statute, not by the sentencing guidelines, see Pickett v.State, 321 Ark. 224, 902 S.W.2d 208 (1995) and A.C.A. § 16-90-803(b)(4) (Supp. 1993).
The sentencing range for habitual offenders is set forth in A.C.A. §5-4-501, as amended by Acts 1009 and 1011 of 1995. That statute provides for certain ranges of sentences to be imposed upon habitual offenders. Sentences within these ranges are mandatory. State v. Freeman, 312 Ark. 34,846 S.W.2d 660 (1993). The "ranges" provided for the lower grade felonies, however, do not provide for minimum sentences of imprisonment. For example, no minimum sentence is provided for habitual offenders who are convicted of Class D or unclassified felonies (other than serious felonies involving violence, which are enumerated in sections (c) and (c) of A.C.A. § 5-4-501, as amended). The only limitation on the sentence to be imposed upon a habitual offender with four or more prior felony convictions who is convicted of an unclassified felony that is punishable by less than life imprisonment is the upper range limitation: A term of not more than twice the maximum sentence for the unclassified offense. A.C.A. § 5-4-501(b)(6). No minimum sentence of imprisonment is stated. Similarly, the only limitation on the sentence to be imposed upon a habitual offender with four or more prior felony convictions who is convicted of a Class D felony is also the upper range limitation: A term of not more than fifteen years. A.C.A. § 5-4-501(b)(5) (Repl. 1993). Again, no minimum sentence is stated. The minimum punishment, then, for Class D felonies and for unclassified felonies, is that which is stated in the statute setting forth the authorized punishment for those offenses: A.C.A. § 5-4-104. That statute expressly allows for the imposition of a punishment consisting of something less than imprisonment, for offenses other than Class Y felonies, capital murder, treason, or murder in the second degree. Therefore, the minimum punishments stated in A.C.A. § 5-4-104 for Class D and unclassified felonies are, in fact, the minimum punishments to be imposed upon habitual offenders who are convicted of one or the other of these felonies. A.C.A. § 5-4-104(d)(3) (Repl. 1993).
However, it must be noted that there are two important exceptions to the conclusion that habitual offenders found guilty of Class D felonies or unclassified felonies may be punished by a fine only. Those two exceptions apply to driving while intoxicated (DWI) convictions and to controlled substance convictions. Both DWI and controlled substance offenses have their own punishments, set forth by statute.
The permissible punishments for repeat DWI offenders are set forth in A.C.A. § 5-65-111(b) (Repl. 1993) and in A.C.A. § 5-65-112 (2) (3) (Repl. 1993). Examination of these statutes reveals that the minimum punishment for a second offense DWI conviction is no less than seven days incarceration and a fine of no less than $400.00. A.C.A. §§ 5-65-111(b)(1) -112(2). Mandatory minimum sentences of incarceration and fines escalate from this point for third, fourth, and subsequent DWI convictions. Of course, these special DWI enhanced punishments obtain only when the defendant's prior convictions are prior convictions for violating Arkansas' DWI law (A.C.A. § 5-65-103 (Repl. 1993)). Moreover, multiple DWI convictions — even in combination with other non-DWI prior felony convictions — cannot be used as a basis for enhanced punishment under the general habitual offender statutes. See Lawson v. State,295 Ark. 37, 746 S.W.2d 544 (1988).
The possible punishments for controlled substance offenders are set forth in A.C.A. § 5-64-401 (Repl. 1993). With the exception of one controlled substance offense,[2] all of the controlled substance offenses — even at their unenhanced levels — have minimum sentences of imprisonment and mandatory fines.[3] It should be noted that unlike DWI offenders with two or more non-DWI prior convictions, a controlled substance offender with two or more non-controlled substance convictions can be sentenced pursuant to the regular habitual offender sentencing scheme. Russell v.State, 295 Ark. 619, 251 S.W.2d 334 (1988).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] A "habitual offender," within the meaning of A.C.A. § 5-4-501, is a person who is convicted of a felony and has previously been convicted of at least two felonies.
[2] See A.C.A. § 5-64-401(a)(1)(iv) (violations with respect to controlled substances classified in Schedule VI).
[3] Enhanced sentencing for repeat controlled substance offenders is set forth in A.C.A. § 5-64-408(a) (Repl. 1993), which authorizes terms of imprisonment, fines ". . . or both." (Emphasis added). The legislature's use of the word "or" would appear to authorize punishment of a fine only for repeat controlled substance offenders. However, in light of the fact that first time controlled substance offenders have mandatory sentences of imprisonment, it is unlikely that the legislature intended to authorize fine-only punishment for repeat offenders.