Pamela WEBB *v.* Gayle FORD, Judge,
Montgomery County Circuit Court

CR 99-1026                                    9 S.W.3d 504

Supreme Court of Arkansas
Opinion delivered February 3, 2000

*Darrel Blount,* for petitioner.

*Mark Pryor*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for respondent.

R AY THORNTON, Justice. Petitioner, Pamela Webb, seeks a writ of prohibition directed to the Montgomery County Circuit Court to prevent her trial on several drug-related charges. The circuit court denied petitioner's motion to dismiss the charges on speedy-trial grounds, and she now presents this motion to this court pursuant to A.R.Cr.P. 28.1. Because Petitioner was not brought to trial within twelve months of her arrest, exclusive of periods of justifiable delay, we hold that the writ of prohibition will lie and dismiss the charges against her.

Petitioner was arrested on April 3, 1998, by the Montgomery County Sheriff's Office. Probable cause was found to support her arrest, and she was detained pending satisfaction of a $15,000.00 bond. She bonded out of jail and was arraigned on April 10, 1998, on charges of possession of marijuana with intent to deliver, possession of drug paraphernalia, and possession of methamphetamine. A pretrial hearing was set by the court for July 10, 1998, and then continued to September 4, 1998. The case was then reset for October 2, 1998, but it appears that no hearing was held at that time. No further action was taken on the matter until July 30, 1999, when the parties returned to court to address petitioner's motion to dismiss for failure to comply with speedy-trial requirements.

■ Because petitioner established that 483 days had passed since her arrest, she presented a *prima facie* case of violation of her right to a speedy trial. Arkansas Rule of Criminal Procedure 28.1 (1999) requires that any defendant charged with an offense in circuit court and held to bail shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve months of the date of the arrest. *Id.* Once a petitioner presents a *prima facie* case of violation of speedy-trial rules, the burden shifts to the State to show that the delay is the result of the petitioner's conduct or otherwise legally justified. *Jones v. State*, 329 Ark. 603, 951 S.W.2d 308 (1997). *See also Eubanks v. Humphrey*, 334 Ark. 21, 972 S.W.2d 234 (1998). Because the State did not meet its burden of establishing legally justified excludable periods of time in excess of 118 days, petitioner is entitled to have her charges dismissed.

The State contends that the periods of time from July 10 through October 2, 1998, should be excluded pursuant to Rule 28.3(d), as a continuance granted at the request of the defendant, based on its assertion that the requests for continuances made on July 10, 1998, and September 4, 1998, were made as joint motions by the prosecution and the defense. Neither the court's docket sheet nor a written order reflects that the trial court made a finding as to whom the time would be charged, as required by Rule 28.3. Notwithstanding, even if we accept the State's assertion that those eighty-four days should be excluded, this still leaves 399 days accumulated, well beyond the twelve-month limitation.

■ The State argued below that the filing of a Motion to Suppress in another case on June 16, 1998, further tolled the time. The motion in question was filed by another defendant, one James Gwin, who was also charged with certain drug-related offenses arising out of the execution of the same search warrant. Petitioner here did not file a motion to suppress nor did she join in Gwin's motion; indeed, there was no showing below that the evidence sought to be suppressed was applicable to Webb's charges. Contrary to the State's assertion, while Rule 28.3(a) does provide that the "period of delay resulting from . . . hearings on pretrial motions..." are excluded in computing the time for trial, Arkansas speedy-trial rules do not contemplate that the filing of a suppression motion by one defendant should toll the time as to another defendant who is facing different charges filed in a distinct case.[1] Just as an appellant cannot benefit from objections made on behalf of another defendant or personal exchanges between counsel for the other defendant and the court, *Smith v. State*, 308 Ark. 603, 826 S.W.2d 256 (1992), petitioner here should not be charged with the consequences of the filing of a motion in another defendant's case.

■■ We cannot agree with the State's assertion that the time for trying petitioner was suspended indefinitely pending resolution of a motion filed in another's case and, therefore, hold that 399 days had elapsed since petitioner's arrest, well beyond the limitations established by the speedy-trial rules. It is generally recognized that a defendant does not have to bring himself to trial and is not required

---

[1] We note that under federal law, a time exclusion occasioned by the filing of a pretrial motion applicable to one defendant applies to all co-defendants, as provided by the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (1999).

to bang on the courthouse door in order to preserve his right to a speedy trial. The burden is on the courts and the prosecutors to see that trials are held in a timely fashion. *Jones, supra.* Under Rule 28.2, the speedy-trial period commences to run "without demand by the defendant." *Id.* Accordingly, we hold that the charges against Petitioner must be dismissed, and that such dismissal constitutes an absolute bar to further prosecution for the same offenses.

Writ granted.

GLAZE and CORBIN, JJ., dissenting.

TOM GLAZE, Justice, dissenting. I dissent, and would deny Pamela Webb's motion to dismiss her request for writ of prohibition on speedy-trial grounds. I do so for most of the same reasons set forth in our companion case of *Gwin v. State*, 340 Ark. 302, 9 S.W.3d 501 (2000), where this court *denied* Gwin's identical request for dismissal.

Pamela Webb was James Gwin's girlfriend. After law enforcement authorities *searched Gwin's house* and found drugs and drug paraphernalia, they arrested both Gwin and Webb. Gwin and Webb retained the same counsel, Darrell Blount, to represent them at separate trials. Consolidated pretrial hearings were set where Blount appeared, representing both Gwin and Webb. As pointed out in our *Gwin* decision, the trial court looked to Blount and asked, "Mr. Blount, do you have the matter of Webb and Gwin...?" Blount responded, "Yes, Your Honor. There's going to be a fairly lengthy pretrial." At an earlier hearing, the prosecutor appeared with Blount where they announced, "There's a joint motion to continue this matter for pretrial..., and we anticipate the pretrial hearing to be approximately four to five hours."

In sum, the prosecutor and Mr. Blount made pretrial appearances where they had requested continuances, but failed to obtain sufficient time to resolve all preliminary motions. Both Webb and Gwin had filed identical discovery motions, and Webb, Gwin, and the prosecutor jointly sought additional time which proved to be inadequate to present and resolve their pretrial matters. Under Ark. R. Crim. P. 28.3 (1999), those periods of delay or continuance requests were excludable. As a consequence, after deducting the periods of continuance, both Webb's and Gwin's trials were set well within Arkansas's speedy-trial time of twelve months.

Here, while Blount sought discovery motions for Webb and Gwin, seeking pretrial information for which continuances were obtained, the majority posits such continuances should not be charged against Webb because she never filed a motion to suppress evidence like Gwin did. The majority court's reasoning escapes me.

First, there is nothing in the record that it was the delay resulting from Gwin's motion to suppress that spurred the prosecutor and Blount to ask for continuances. Second, even if Gwin's suppression motion, alone, caused a period of delay, Blount knew both of his clients would benefit from the suppression motion if Blount succeeded on his motion.[1] After all, Webb's and Gwin's charges arose from the same events and cache of drugs. Gwin was owner of the house, so it was he who had the standing to file the suppression motion. Nonetheless, Blount was well aware that Webb would benefit if Gwin prevailed on his suppression motion, and it would enure to Webb's benefit to join Gwin in any continuances needed to present evidence in support of the motion.

Webb's and Gwin's pretrial records are identical except for the suppression motion filed on Gwin's behalf. Blount appeared at each pretrial motion hearing representing both Gwin and Webb. As hard as I try, I simply fail to understand how this court can hold Gwin's speedy-trial right was not violated, but Webb's was. As in *Gwin*, it only makes sense to conclude Webb's right for speedy trial was not violated.

CORBIN, J., joins this dissent.

---

[1] The majority opinion cites the case of *Smith v. State*, 308 Ark. 603, 826 S.W.2d 256 (1992), for the proposition that an appellant cannot benefit from objections made on behalf of another defendant. The *Smith* case is simply inapplicable. Here, as already stated, the record shows Gwin's and Webb's attorney, Blount, appeared for both defendants at the same pretrial hearings, where they joined in requests for continuances.