Michael IBSEN *v.* The Honorable John PLEGGE,
Pulaski County Circuit Court

CR 00-52                                        15 S.W.3d 686

Supreme Court of Arkansas
Opinion delivered May 4, 2000
[Petition for rehearing denied June 8, 2000.]

*Price Law Firm*, by: *Robert J. Price*, for petitioner.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Senior Ass't Att'y Gen., for respondent.

ANNABELLE CLINTON IMBER, Justice. Petitioner seeks a writ of prohibition directed to the Pulaski County Circuit Court to prevent trial of the charges against him on grounds of an alleged speedy-trial violation. The State agrees that the Pulaski County Circuit Court has no jurisdiction to act in this matter; however, it argues that the case stands remanded to the Municipal Court of Maumelle. Because it is unclear from the record before us whether the trial court is wholly without jurisdiction in this matter, the writ of prohibition is denied.

On September 16, 1997, petitioner, Michael D. Ibsen, was convicted following a guilty plea in the Maumelle Municipal Court of driving while intoxicated, minor in possession, and unlawful use of a driver's license. He was sentenced to pay a fine of $865.00 and costs of $65.00. On October 6, 1997, petitioner filed in the municipal court a notice of his intent to appeal to the Circuit Court of Pulaski County. The *de novo* appeal from municipal court was subsequently filed in the circuit court on October 14, 1997, and assigned to the Seventh Division of the Pulaski County Circuit Court, the Honorable John Plegge presiding.[1] On November 10, 1997, petitioner entered a plea of not guilty, whereupon the trial court scheduled an omnibus hearing for December 22, 1997, and a jury trial for January 28, 1998. Petitioner signed a receipt acknowledging that he received notice of the scheduled hearing and trial dates; however, he failed to appear for the omnibus hearing on December 22, 1997. On that date, the trial court *sua sponte* ruled from the bench that the case should be remanded to the Maumelle Municipal Court. The trial court ultimately entered an order of remand on January 30, 1998, that dismissed petitioner's appeal and remanded the case back to the Maumelle Municipal Court.

On February 23, 1998, petitioner filed a motion to set aside the order of remand in the circuit court. He argued that Ark. Code Ann. § 16-96-508 (1987) authorized the circuit court to dismiss his appeal and remand to municipal court only upon his failure to appear for trial. The trial court eventually entered an order on April

---

[1] Though the style of the petition names an individual circuit judge as respondent, prohibition lies to the circuit court and not to a judge. *Ford v. Wilson*, 327 Ark. 243, 939 S.W.2d 258 (1997); *Lee v. McNeil*, 308 Ark. 114, 823 S.W.2d 837 (1992).

29, 1998, that granted the motion and set aside the order of remand. The next hearing in the case occurred on October 11, 1999, at which time petitioner suggested that his right to a speedy trial may have been denied. The trial court proceeded, however, to set the matter for a bench trial on February 7, 2000. On October 19, 1999, petitioner filed a motion to dismiss the charges against him for failure to bring him to trial within twelve months of October 14, 1997.[2] Following a hearing on December 13, 1999, the circuit court denied the motion to dismiss for speedy-trial violation. From that order comes this petition for writ of prohibition. This court granted a temporary stay of the proceedings in the trial court on January 20, 2000.

Petitioner asks this court to issue a writ of prohibition to the trial court barring prosecution of the charges against him for violation of his right to a speedy trial. The State argues that a writ of prohibition is not an appropriate remedy in this matter because the circuit court has no jurisdiction over the case; rather, the case stands remanded to municipal court.

■ A writ of prohibition is an extraordinary writ that is only appropriate when the court is wholly without jurisdiction. *Kelch v. Erwin*, 333 Ark. 567, 570, 970 S.W.2d 255 (1998) (citing *West Memphis Sch. Dist. No. 4 v. Circuit Court of Crittendon County*, 316 Ark. 290, 871 S.W.2d 368 (1994)). The writ will not be granted unless it is clearly warranted. *Turbyfill v. State*, 312 Ark. 1, 846 S.W.2d 646 (1993). Prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. *Leach v. State*, 303 Ark. 309, 796 S.W.2d 837 (1990).

■ We have stated that Rule 28.1 of the Arkansas Rules of Criminal Procedure, which is Arkansas's rule governing a defendant's right to a speedy trial, is a jurisdictional rule inasmuch as it requires an accused to be brought to trial within a twelve-month period following arrest, or to be absolutely discharged pursuant to Ark. R. Crim. P. 30.1(a). *Kelch v. Erwin, supra; Turbyfill v. State, supra*. Therefore, a petition for a writ of prohibition is appropriate

---

[2] Petitioner's motion to dismiss actually argued that the time for speedy trial began to run on October 3, 1997. The original appeal transcript from the municipal court was file-stamped October 14, 1997, by the circuit clerk. Petitioner acknowledges in his brief that the proper date to begin computation for speedy trial purposes is October 14, 1997. He notes that the October 3, 1997, date was in error.

to prevent a court from exercising its power in violation of the speedy-trial rules. *Richards v. State*, 338 Ark. 801, 2 S.W.2d 766 (1999). Furthermore, our rules of criminal procedure expressly authorize an accused to bring a petition for writ of prohibition when the trial court denies the accused's motion for dismissal under the speedy-trial rules. *See* Ark. R. Crim. P. 28.1(d).

■■ Ark. R. Crim. P. 28.1 requires that a criminal defendant be brought to trial within twelve months, excluding any periods of delay provided for in Rule 28.3. When an appeal is taken from a municipal court decision to the circuit court, the time for speedy trial begins to run from the day the appeal is filed in circuit court. *Johnson v. State*, 337 Ark. 196, 987 S.W.2d 694 (1999) (citing *McBride v. State*, 297 Ark. 410, 762 S.W.2d 785 (1989)). The speedy-trial period commences to run "without demand by the defendant." Ark. R. Crim. P. 28.2. Once a petitioner presents a prima facie case of violation of speedy-trial rules, the burden shifts to the State to show that the delay is the result of the petitioner's conduct or is otherwise legally justified. *Webb v. Ford*, 340 Ark. 281, 9 S.W.3d 504 (2000); *Eubanks v. Humphrey*, 334 Ark. 21, 972 S.W.2d 234 (1998); *Jones v. State*, 329 Ark. 603, 951 S.W.2d 308 (1997). If the State fails in its burden, the charges against the petitioner must be dismissed. *Webb v. Ford, supra.* A dismissal for violation of the speedy-trial rules is an absolute bar to further prosecution. Ark. R. Crim. P. 30.1; *Eubanks v. Humphrey, supra*; *Caulkins v. Crabtree*, 319 Ark. 686, 894 S.W.2d 138 (1995); *Glover v. State*, 307 Ark. 1, 817 S.W.2d 409 (1991).

■■ In the instant case, petitioner has presented a prima facie case of speedy-trial violation. He filed his appeal in circuit court on October 14, 1997, and his motion to dismiss for violation of speedy trial on October 19, 1999, a period 370 days beyond the statutory twelve months. The burden thus shifted to the State to demonstrate that the 370 days of delay were caused by the defendant or were otherwise legally justified. *See Webb v. Ford, supra.* The State does not argue, however, that the 370 days at issue were excluded for purposes of speedy trial. Rather, the State argues that the trial court lost its jurisdiction when it remanded the case to municipal court on January 30, 1998. Although the State obtained no ruling on its jurisdictional argument from the trial court, the issue of jurisdiction is one that can be raised at any time, even for the first time on appeal. *Harmon v. State*, 317 Ark. 47, 876 S.W.2d

240 (1994); *Skelton v. City of Atkins*, 317 Ark. 28, 875 S.W.2d 504 (1994).

■ The trial court dismissed petitioner's *de novo* appeal from municipal court and remanded the case back to the municipal court in an order filed on January 30, 1998, following petitioner's failure to appear for an omnibus hearing. Upon dismissal of a municipal court appeal, the judgment of the municipal court remains valid and enforceable. *Whitmire v. State*, 50 Ark. App. 34, 901 S.W.2d 20 (1995); *Wilson v. C & M Used Cars*, 46 Ark. App. 281, 878 S.W.2d 427 (1994) (concluding that Inferior Ct. R. 9(d) is in accord with holding that municipal court judgment remains valid and enforceable following dismissal of *de novo* appeal to circuit court). It is unclear from the record before us or the arguments presented, however, whether the circuit court had the authority to set aside its order of remand.

■■ Petitioner asserts that the trial court had the authority to modify its order of remand within ninety days of filing pursuant to Ark. R. Civ. P. 60. However, petitioner cites no convincing authority for the application of Rule 60 in this matter. To the contrary, we know of no case in which the court has ever applied this civil rule to a criminal proceeding. *McCuen v. State*, 338 Ark. 631, 999 S.W.2d 682 (1999). Petitioner argued below that the power to remand and to reconsider an order of remand stems from Ark. Code Ann. § 16-96-508 (1987). This statute states that when a criminal defendant, in a *de novo* appeal from municipal court, fails to appear when the case is set for trial, the circuit court can affirm the judgment of the municipal court without a trial. *Id.* When the circuit court enters an order affirming the municipal court judgment pursuant to section 16-96-508, the order has the full force and effect of any other circuit court judgment. *Id.* The matter before us, however, was not affirmed. The circuit court merely dismissed petitioner's *de novo* appeal from municipal court and remanded the case back to municipal court. Therefore, section 16-96-508 is inapplicable. The petitioner has thus not provided this court with any authority under which the trial court could reconsider its order of remand.

The State argues that the trial court cannot reconsider an order of remand in a *de novo* appeal from municipal court unless petitioner has been deprived of due process, as in *Rawls v. State*, 266 Ark. 919, 587 S.W.2d 601 (1979). This argument is also unpersuasive. *Rawls*

clarified that a circuit court has the authority to reconsider an order of remand which is void for want of due process. *Id.* It did not address whether this authority would or would not extend to other circumstances involving orders of remand.

██ A writ of prohibition should not issue unless it is clearly warranted and the trial court is wholly without jurisdiction to act. *Kelch v. Erwin, supra; Turbyfill v. State, supra.* As has been demonstrated, the nature of the circuit court's jurisdiction in this matter is unclear. Both petitioner and the State argue that the trial court lacks jurisdiction of the matter before us. However, it is far from clear just exactly when, if at all, the trial court was divested of its jurisdiction. Neither party has presented persuasive authority to this court in support of its jurisdictional argument. Consequently, the writ is denied.