SLIP OPINION

Cite as 2014 Ark. 265

# SUPREME COURT OF ARKANSAS

No. CR–14–31

|  |  |  |
|---|---|---|
| MATTHEW ESRY | | **Opinion Delivered** May 29, 2014 |
| | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-11-16] |
| V. | | |
| | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | <u>CONCURRING OPINION</u>. |

**JOSEPHINE LINKER HART, Associate Justice**

I concur in our decision to grant Matthew Esry's motions for access to the record on appeal to prepare his brief and for an extension of brief time. Here, the appeal cannot be said to be wholly without merit; therefore, access to the record for briefing is proper.

Esry entered a plea of guilty to second-degree battery, which is a Class D felony. Ark. Code Ann. § 5-13-202(b) (Repl. 2013). A Class D felony is punishable by a sentence that shall not exceed six years. Ark. Code Ann. § 5-13-401(a)(5) (Repl. 2013). In open court, Esry agreed to a sentence of eight years' imprisonment as a habitual offender. The written judgment and commitment order, however, did not show that he was sentenced as a habitual offender. Esry filed a petition seeking relief under Arkansas Code Annotated section 16-90-111(a) (Supp. 2013). In denying Esry's motion to correct the sentence, the circuit court found that the motion was untimely and it therefore did not have jurisdiction.

Sentencing in Arkansas is entirely a matter of statute, and where the law does not

authorize the particular sentence imposed by a circuit court, the sentence is unauthorized; an illegal imposition of a void or illegal sentence is subject to challenge at any time. *Whiteside v. State*, 2013 Ark. 176, at 4, ___ S.W.3d ___, ___. A circuit court is without jurisdiction to modify, amend, or revise a valid sentence once it has been put into execution. *See, e.g., Rudrud v. State*, 2010 Ark. 439, at 2 (per curiam). A claim that a sentence is illegal, however, presents an issue of subject-matter jurisdiction that can be addressed at any time, and section 16-90-111(a) provides authority to a circuit court to correct an illegal sentence at any time. *See, e.g., Hill v. State*, 2013 Ark. 291, at 1–2 (per curiam).

I simply note that when a sentence is void or illegal, a challenge to the sentence may be raised at any time, and the interests of justice dictate that an appellant must have access to the record in order to prepare a brief.