SLIP OPINION

Cite as 2014 Ark. 417

# SUPREME COURT OF ARKANSAS

No. CR-13-125

| | | |
|---|---|---|
| | | **Opinion Delivered** October 9, 2014 |
| MARL K. GRAY | | |
| | APPELLANT | PRO SE APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NOS. 66CR-10-594, 66CR-10-596] |
| V. | | |
| | | HONORABLE JAMES O. COX, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | ORDER AFFIRMED AS MODIFIED. |

**PER CURIAM**

In September 2010, appellant Marl K. Gray entered a plea of guilty in the Sebastian County Circuit Court, Fort Smith District, to two counts of conspiracy to deliver a controlled substance in case nos. 66CR-10-594 and 66CR-10-596. He was sentenced to 300 months' imprisonment for each offense. Imposition of an additional 180 months' imprisonment was suspended in each case. The sentences for the two offenses were ordered to be served concurrently.

On July 9, 2012, appellant filed a motion to modify or vacate the sentence, arguing that the sentence imposed was beyond the statutory maximum for the charges of which he was convicted. The State conceded that the sentence was illegal, and, on August 14, 2012, the pleas in case nos. 66CR-10-594 and 66CR-10-596 were set aside and the judgment-and-commitment order was vacated.

Counsel was appointed to represent appellant, and a hearing was held on October 10,

SLIP OPINION

2012, at which time appellant again entered a plea of guilty to the two charges. A judgment-and-commitment order was entered on October 12, 2012, reflecting that appellant was sentenced to 300 months' imprisonment in case no. 66CR-10-594 and that imposition of a sentence of 180 months' imprisonment was suspended in case no. 66CR-10-596. The 180-month suspended imposition of sentence was to be served consecutive to the 300-month sentence.

An order was entered October 15, 2012, in which the trial court declared that, after hearing testimony, the court was rescinding the August 14, 2012 order and that the "judgment-and-commitment order previously entered after the Defendant's plea" was to be reinstated. The court further ordered that an amended judgment-and-commitment order should reflect that defendant had been resentenced in order to correct the illegal sentence originally imposed in 2010. On December 3, 2012, a "second amended" judgment-and-commitment order was entered, reflecting the same consecutive sentences as the judgment under which appellant would serve 300 months' imprisonment for one offense and suspended imposition of a sentence of 180 months would apply to the second offense.

On January 7, 2013, appellant filed in the trial court a pro se "motion to correct illegal sentence or reduction of sentence" in which he sought to have the court dismiss the original judgment entered in 2010 or to amend the original sentence entered in 2010 to 15 years' imprisonment on one charge and 15 years' suspended imposition of sentence on the other charge to be served concurrently. He argued that the trial court either never had, or had lost, jurisdiction on August 14, 2012, when the original plea was vacated because his motion to modify or vacate the judgment invoked Arkansas Rule of Civil Procedure 60, which did not

apply to criminal cases.[1] The trial court denied the relief sought and also denied in a separate order appellant's motion to expedite the proceeding. Appellant brings this appeal.

On appeal, appellant argues that the trial court lacked subject-matter jurisdiction to accept a civil petition under Rule 60 that did not apply to his criminal case and to enter an amended judgment, that the sentence had been put into execution and the trial court did not have authority to alter it for that reason, and that he was placed in double jeopardy by being prosecuted and sentenced twice for the same offenses. While appellant is correct that Rule 60 does not apply to criminal proceedings, the trial court treated appellant's motion as a petition to correct an illegal sentence under Arkansas Code Annotated section 16-90-111 (Supp. 2011). The statute allows a trial court to correct an illegal sentence at any time. *See Hodges v. State*, 2013 Ark. 299 (per curiam). The trial court did not err in treating the petition for postconviction relief according to the relief it sought rather than the label placed on it by the appellant. *See Winnett v. State*, 2012 Ark. 404 (per curiam) (Petitioner's invocation of Rule 60 did not require the court to treat the petition under that Rule; rather, the petition was properly considered as a petition pursuant to Arkansas Rule of Criminal Procedure 37.1 because the grounds raised were cognizable under Rule 37.1.).

---

[1]Arkansas Rule of Civil Procedure 60(a) allows for a circuit court to modify or vacate a judgment, order, or decree, within ninety days of its having been filed with the clerk. This court has emphatically stated that Rule 60(a) does not apply to criminal proceedings. *Ibsen v. Plegge*, 341 Ark. 225, 15 S.W.3d 686 (2000). Nor has this court allowed the application of Arkansas Rule of Civil Procedure 60(c), which permits a court to set aside judgment more than ninety days after the entry of judgment. *See McArty v. State*, 364 Ark. 517, 221 S.W.3d 332 (2006); *Ibsen*, 341 Ark. 255, 15 S.W.3d 686. The trial court here did not apply Rule 60 to the judgment in appellant's case.

Appellant was convicted of conspiracy with intent to deliver a controlled substance, which is a Class A felony. Ark. Code Ann. § 5-3-401 (Repl. 2006). A Class A felony is punishable by not less than three years and not more than thirty years' imprisonment. Ark. Code Ann. § 5-4-401(a)(2) (Repl. 2006). Accordingly, the sentence imposed on him for each offense was not outside the statutory range for the offense. Sentencing in Arkansas is entirely a matter of statute. *State v. O'Quinn*, 2013 Ark. 219, 427 S.W.3d 668. If a sentence is within the limits set by the legislature, it is legal. *Lambert v. State*, 2012 Ark. 310 (per curiam).

Appellant here has not established that the trial court was without authority to correct the original sentence, which was illegal on its face inasmuch as the sentence imposed for each of the two offenses exceeded the statutory range, or that the trial court did not have authority to correct the illegal sentence at any time. Likewise, he has not demonstrated that he was placed in double jeopardy by the correction of the sentence.

With respect to whether the trial court was allowed by statute to run the sentence of 300 months' imprisonment and the 180-month suspended imposition of sentence consecutively, we have held that proper sentencing procedure requires periods of suspension to run concurrently with other suspended sentences and other terms of imprisonment. Ark. Code Ann. § 5-4-307(b)(1) & (2); *Colvin v. State*, 2013 Ark. 203, 427 S.W.3d 635; *see also Hendrix v. State,* 291 Ark. 134, 722 S.W.2d 596 (1987) (holding that section 41-1206, now codified as section 5-4-307, prevents the stacking of periods of suspension or probation).

Because the issue of the consecutive sentencing does not relate to appellant's guilt, we can correct the sentence in lieu of remanding the matter. *Walden v. State*, 2014 Ark. 193, 433

S.W.3d 864, citing *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003). Accordingly, we affirmed the trial court's order but modify the suspended sentence in case no. 66CR-10-596 to run concurrently with the sentence of 300 months' imprisonment in case no. 66CR-10-594.

Order affirmed as modified.

*Marl K. Gray*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.