SLIP OPINION

Cite as 2015 Ark. 8

# SUPREME COURT OF ARKANSAS

No. CR-14-844

|  |  |  |
|---|---|---|
| RONNIE LEE CANADA | APPELLANT | **Opinion Delivered** January 15, 2015 |
|  |  | APPELLEE'S MOTION TO DISMISS APPEAL, OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE BRIEF |
| V. |  | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-12-1562] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
|  |  | MOTION TO DISMISS APPEAL GRANTED. |

## PER CURIAM

On June 19, 2013, the Pulaski County Circuit Court entered a judgment reflecting that appellant Ronnie Lee Canada had entered a plea of guilty to battery in the first degree and endangering the welfare of a minor in the first degree. An aggregate sentence of 480 months' imprisonment was imposed.

On July 18, 2014, appellant filed in the trial court a pro se petition to correct the sentence imposed pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 2006), alleging that the sentence of 480 months' imprisonment was illegal because it exceeded the sentence prescribed in the Arkansas Sentencing Commission guidelines. The trial court denied the petition, and appellant lodged an appeal from the order. The appellee State now asks that the appeal be dismissed on the ground that the petition was not timely filed in the trial court.

We grant the State's motion to dismiss, not because the petition was untimely, but because appellant did not demonstrate in the petition that the sentence was illegal. When it is clear from the record that an appellant could not prevail on appeal, the appeal from an order

that denied a petition for postconviction relief, including an appeal from an order that pertained to a petition under section 16-90-111, will not be permitted to go forward. *McClanton v. State*, 2014 Ark. 439, 445 S.W.3d 516 (per curiam).

A claim that a sentence is illegal presents an issue of subject-matter jurisdiction that can be addressed at any time under section 16-90-111(a). *Id.*; *Atkins v. State*, 2014 Ark. 393, 441 S.W.3d 19 (per curiam). While the time limitations on filing a petition under section 16-90-111 on the grounds that the sentence was imposed in an illegal manner were superseded by Arkansas Criminal Procedure Rule 37.2(c), that portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *See Reeves v. State*, 339 Ark. 304, 310, 5 S.W.3d 41, 44 (1999); *see also Gilliland v. State*, 2014 Ark. 243 (per curiam) (holding that, to the extent that a claim is cognizable under Rule 37.1, section 16-90-111 has been superseded, and any allegation that can be considered under Rule 37.1 is subject to the time limitations contained in the Rule). For that reason, the trial court had authority to grant relief under the statute if the sentence imposed on appellant was indeed illegal. *Hill v. State*, 2013 Ark. 291 (per curiam).

Appellant entered a plea of guilty to first-degree battery of a child in violation of Arkansas Code Annotated section 5-13-201(a)(9) (Supp. 2011), a class Y felony under Arkansas Code Annotated section 5-13-201(c)(2) (Supp. 2011). Appellant acknowledged in his petition to the trial court that the conviction was a class Y felony. Arkansas Code Annotated section 5-4-401(a)(1) (Repl. 2006) provides that the range of punishment for a Class Y felony shall not be less than ten years and not more than forty years or life. Appellant's 480-month sentence (40

2

years) was within the range set by the statute. Accordingly, the sentence was not excessive, and the judgment-and-commitment order was not invalid on its face.

Sentencing in Arkansas is entirely a matter of statute. *Gray v. State*, 2014 Ark. 417, 443 S.W.3d 545. No sentence shall be imposed other than as prescribed by statute. *Atkins*, 2014 Ark. 393, 441 S.W.3d 19. A void or illegal sentence is one that is illegal on its face. *Lovelace v. State*, 301 Ark. 519, 785 S.W.2d 212 (1990); *Fritts v. State*, 298 Ark. 533, 768 S.W.2d 541 (1989). A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Atkins*, 2014 Ark. 393, 441 S.W.3d 19. If a sentence is within the limits set by statute, it is legal. *Grissom v. State*, 2013 Ark. 417 (per curiam).

We have held that the statutory minimum and maximum ranges for a sentence always override the presumptive sentences set out in the sentencing guidelines. *Burton v. State*, 367 Ark. 109, 238 S.W.3d 111 (2006). Arkansas Code Annotated section 16-90-803 (b)(3)(C) (Repl. 2006) provides: "The statutory minimum or maximum ranges for a particular crime shall govern over a presumptive sentence if the presumptive sentence should fall below or above such ranges." Appellant did not demonstrate that his sentence was illegal, and he was entitled to no relief under the statute.

Motion to dismiss appeal granted.

*Ronnie Lee Canada*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.