SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–14–639

| | | |
|---|---|---|
| ALTON HICE | | **Opinion Delivered** February 18, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN |
| V. | | COUNTY CIRCUIT COURT, |
| | | FORT SMITH DISTRICT |
| | | [NO. CR–1994–60 G] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE J. MICHAEL |
| | | FITZHUGH, JUDGE |
| | | |
| | | REVERSED |

## RAYMOND R. ABRAMSON, Judge

Alton Hice appeals the Sebastian County Circuit Court's revocation of his suspended sentences. On appeal, he argues that the circuit court erred when it did not dismiss the petition to revoke because it was based on an illegal sentence. We agree and therefore reverse.

On August 1, 1995, Hice pled guilty to two counts of first-degree sexual abuse, and the circuit court sentenced him to 120 days in the Sebastian County Detention Center ("SCDC") to be followed by ten years' suspended imposition of sentence on each count to run consecutively. On February 15, 2001, the State filed a petition to revoke Hice's suspension alleging that he failed to register as a sex offender. Hice pled no contest, and the court sentenced him to sixty days' detention in the SCDC with the suspended imposition of sentences to remain in effect.

A second petition to revoke was filed on May 9, 2006, alleging that Hice had contact

with children under the age of sixteen without a non-family member supervising. Hice again pled no contest, and the court ordered him to serve fifteen days in the SCDC with the terms and conditions of the suspended sentences to remain in effect.

A third petition to revoke was filed on October 9, 2013, alleging that Hice committed second-degree sexual assault. On April 7, 2014, Hice filed a motion to dismiss the petition, arguing that the August 1, 1995 sentence was illegal. Specifically, Hice asserted that Arkansas Code Annotated section 5-4-307(b)(1) (Repl. 2013) required the suspended imposition of sentences to run concurrently, not consecutively. The circuit denied Hice's motion to dismiss.

On April 9, 2014, the court held a hearing on the petition. At the beginning of the hearing, Hice renewed his motion to dismiss. The court denied it. The State then presented its case against Hice. At the conclusion of the State's case, Hice again renewed his motion to dismiss, and the court denied it. The court then revoked Hice's suspended sentences and sentenced him to nine years and 350 days in the Arkansas Department of Correction. Hice filed the instant appeal. On appeal, Hice claims that the circuit court should have granted his motion to dismiss because his August 1, 1995 sentence was illegal under Arkansas Code Annotated section 5-4-307(b)(1). The State agrees with Hice.

A sentence is void or illegal when the circuit court lacks the authority to impose it. *Cross v. State*, 2009 Ark. 597, at 4, 357 S.W.3d 895, 898. Arkansas Code Annotated section 5-4-307(b) requires that multiple periods of suspension must run concurrently rather than consecutively. *Gray v. State*, 2014 Ark. 417, at 4, 443 S.W.3d 545, 548. Accordingly, Hice's August 1, 1995 sentence was illegal, and his suspended sentences expired in 2005. Thus, no



period of suspension existed in 2013 upon which the court could revoke, and we therefore reverse.

Reversed.

HIXSON and HOOFMAN, JJ., agree.

*David L. Dunagin*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.