SLIP OPINION     Cite as 2015 Ark. 107



# SUPREME COURT OF ARKANSAS

No. CR-14-964

| | | |
|---|---|---|
| RICHARD EHLER | | **Opinion Delivered** March 12, 2015 |
| | APPELLANT | PRO SE APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT AND PRO SE MOTION FOR RULE ON CLERK [NO. 03CR-94-244] |
| V. | | |
| | | HONORABLE GORDON WEBB, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | <u>AFFIRMED; MOTION MOOT</u>. |

## PER CURIAM

In 1995, appellant Richard Ehler entered a plea of guilty to rape and was sentenced to forty years' imprisonment. In 2014, appellant filed in the trial court a pro se petition to correct the sentence imposed pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 1993), alleging that the sentence of forty years' imprisonment was illegal because it exceeded the sentence prescribed in the Arkansas Sentencing Commission guidelines. The trial court denied and dismissed the petition, and appellant brings this appeal. Appellant has also filed a pro se motion for rule on clerk seeking to file a belated reply brief.

We have held that a trial court's decision to deny relief under section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Gilliland v. State*, 2014 Ark. 149 (per curiam). The trial court's decision in this case was not clearly erroneous. We affirm the order because appellant did not demonstrate in the petition that the sentence was illegal. The motion to file a belated reply brief is moot.

A claim that a sentence is illegal presents an issue of subject-matter jurisdiction that can be addressed at any time under section 16-90-111(a). *Canada v. State*, 2015 Ark. 8 (per curiam);

*Atkins v. State*, 2014 Ark. 393, 441 S.W.3d 19 (per curiam). While the time limitations on filing a petition under section 16-90-111 on the grounds that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *Canada*, 2015 Ark. 8. For that reason, the trial court had authority to grant relief under the statute if the sentence imposed on appellant was indeed illegal. *Id.*

Appellant entered a plea of guilty to rape, a Class Y felony, in violation of Arkansas Code Annotated section 5-14-103 (Repl. 1993). At the time appellant committed the offense, the penalty for a Class Y felony under Arkansas Code Annotated section 5-4-401(a)(1) (Repl. 1993) was a sentence of ten to forty years or life. Appellant's forty-year sentence was within the range set by the statute. Accordingly, the sentence was not excessive, and the judgment-and-commitment order was not invalid on its face.

Sentencing in Arkansas is entirely a matter of statute. *Esry v. State*, 2014 Ark. 265 (per curiam). No sentence shall be imposed other than as prescribed by statute. *Atkins*, 2014 Ark. 393, 441 S.W.3d 19. A void or illegal sentence is one that is illegal on its face. *Lovelace v. State*, 301 Ark. 519, 785 S.W.2d 212 (1990). A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Atkins*, 2014 Ark. 393, 441 S.W.3d 19. If a sentence is within the limits set by statute, it is legal. *Grissom v. State*, 2013 Ark. 417 (per curiam).

We have held that the statutory minimum and maximum ranges for a sentence always override the presumptive sentences set out in the sentencing guidelines.  *Canada*, 2015 Ark. 8 (citing *Burton v. State*, 367 Ark. 109, 238 S.W.3d 111 (2006)).  Arkansas Code Annotated section 16-90-803(b)(3)(C) (Repl. 2006) provides: "The  statutory minimum or maximum ranges for a particular crime shall govern over a presumptive sentence if the presumptive sentence should fall below or above such ranges."  Appellant did not demonstrate that his sentence was illegal, and he was entitled to no relief under the statute.

Affirmed; motion moot.

*Richard Ehler*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.