SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–14–560

| | |
|---|---|
| JEFFREY PAUL WHITTIER<br>APPELLANT | **Opinion Delivered** September 30, 2015 |
| V. | APPEAL FROM THE SALINE<br>COUNTY CIRCUIT COURT<br>[NO. 63CR-11-662] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBERT HERZFELD,<br>JUDGE |
| | AFFIRMED |

## CLIFF HOOFMAN, Judge

Appellant Jeffrey Paul Whittier was convicted by the Saline County Circuit Court

of Class C felony failure to appear, for which he received a sentence of 119 months'

imprisonment and a $10,000 fine. On appeal, Whittier argues that the circuit court

abused its discretion in sentencing him.[1] We affirm.

Whittier was charged by amended information with possession and distribution of

child pornography, failure to appear at a hearing on that charge held on March 26, 2012,

and failure to register as a sex offender. The child-pornography and failure–to–register

charges were later nolle prossed by the State.

At the December 4, 2013 bench trial, the State presented testimony from Detective

---

[1] Whittier's counsel previously filed a no-merit brief; however, this court ordered rebriefing due to counsel's failure to include all relevant testimony and adverse rulings. *See Whittier v. State*, 2015 Ark. App. 183. Whittier has now filed a substitute merit brief in which he argues that his sentence was excessive.

SLIP OPINION

Corporal Gary Robertson, who indicated that Whittier had been assessed as a level four sexually violent predator and that he had been charged with possession and distribution of child pornography in December 2011. Whittier entered a not-guilty plea to the charge on January 17, 2012, and signed an order that required him to appear before the circuit court on March 26, 2012. Robertson testified that Whittier failed to appear at the March 2012 hearing and that a bench warrant was issued for his arrest. Robertson issued a nationwide "be on the lookout" (BOLO) alert and learned that Whittier had last been seen in Grand Forks, North Dakota, which is approximately 140 miles south of the Canadian border. Robertson stated that he enlisted "every avenue of law enforcement" to find Whittier. In addition to monitoring Whittier's home in Hot Springs Village and conducting searches in law-enforcement databases, Robertson contacted the United States Marshal's office, which assigned its fugitive task force to the case; the Royal Canadian Mounted Police; and the National Center for Missing and Exploited Children, which utilized its sex-offender tracking team and conducted a search of the National Crime Information Center's database.

Whittier was eventually apprehended in Tonopah, Nevada, in April 2013. Deputy Larry Wayne McAllister testified that after Whittier signed a waiver of extradition, he contacted PTS of America, a transport company, to bring Whittier back to the Saline County jail. McAllister stated that the county was charged $1,423.75 for Whittier's transport.

Whittier offered no excuse for his failure to appear at the March 2012 hearing, and

SLIP OPINION

he was found guilty of failure to appear, a Class C felony. At his sentencing, Whittier testified that he had completed his probation for his 2005 conviction involving child molestation and that he did not have any other felonies on his record. He was sentenced by the circuit court to 119 months' imprisonment, a $10,000 fine, and restitution for the costs associated with transporting him back to Arkansas.

The sentencing order was entered on January 6, 2014, and Whittier's trial counsel filed a motion to reduce the sentence, claiming that it was unduly harsh under the circumstances and that it deviated from the sentencing guidelines, which recommended a 36-month sentence for the offense of failure to appear for someone with Whittier's criminal history. Whittier also filed a pro se petition to correct an unlawful sentence, arguing that the circuit court was without jurisdiction to convict him of failure to appear where his original charge was subsequently dismissed after his motion to suppress was granted. After a hearing held on February 28, 2014, the circuit court denied both motions. A written order to that effect was entered the same date. Whittier then filed a timely notice of appeal from the sentencing order and the denial of his posttrial motions.

For his sole argument on appeal, Whittier argues that the circuit court abused its discretion in sentencing him. He contends that the sentence was unduly harsh under the circumstances in this case and that this court should reverse and remand for resentencing.

Sentencing in Arkansas is entirely a matter of statute, and if a sentence is within the limits set by the legislature, it is legal. *Gray v. State*, 2014 Ark. 417, 443 S.W.3d 545. Whittier was convicted of Class C felony failure to appear, pursuant to Arkansas Code

Annotated section 5-54-120(b) (Supp. 2011), for which the statutory sentencing range is three to ten years and a fine not exceeding $10,000. Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2006); Ark. Code Ann. § 5-2-201(a)(2) (Supp. 2009).

Whittier concedes that the sentence he received was within the statutory range and was legal. However, he argues that this court has an obligation to review a sentence for an abuse of discretion to ensure that it was not imposed as a result of passion or prejudice. He cites to Arkansas Code Annotated section 16-90-107(e) (Repl. 2006), which states that

> [t]he court shall have power in all cases of conviction to reduce the extent or duration of the punishment assessed by a jury so that the punishment is not in any case reduced below the limit prescribed by law in such cases if the conviction is proper and the punishment assessed is greater than ought to be inflicted under the circumstances of the case.

We review arguments on appeal relating to the harshness of a sentence under the abuse-of-discretion standard. *Brown v. State*, 2010 Ark. 420, 378 S.W.3d 66; *Jackson v. State*, 2013 Ark. App. 689. Whittier contends that the circuit court abused its discretion in this case because he received just shy of the maximum sentence for his offense, while the sentencing guidelines set forth a presumptive sentence of 36 months for a defendant who is similarly situated. He further argues that the circuit court gave no reason for its departure from the guidelines, other than the aggravating factor noted on the prosecutor's report of circumstances that he was "sentenced by the judge." He contends that he was effectively being punished for the child-pornography and failure-to-report charges that were dismissed.

In denying Whittier's motion to reduce his sentence, the circuit court made the following findings:

> Failure to appear is a class C felony, categorized by the legislature, and the sentencing range is from three to ten years in prison. The reason there is a range is because every crime is different even though they may be similar in fact. Every situation, every individual, every crime is different in time, place and structure. Therefore, the range is available to the Court to apply that law to those particular facts and to take into account the different unique factors.
>
> . . . .
>
> In this case Mr. Whittier was absent for years. There were numerous attempts to find him and the Court heard testimony regarding the lengths to which the sheriff's office went to find him and bring him back to justice. That certainly is unusual that they had to go to that many lengths and they found him and brought him back later. Therefore, for a variety of reasons, but certainly mostly because it seems to rely more on the serious range of that type of offense, that is why he received almost the maximum. The Court finds that that sentence is appropriate and will not set aside the sentence. Therefore, that motion is denied.

Contrary to Whittier's assertions, it is clear from the circuit court's ruling that the severity of the sentence that Whittier received was due to the seriousness of the circumstances surrounding the offense. There is no indication that he was being punished for offenses for which he was not convicted or that his sentence was a result of passion or prejudice. In addition, as the State argues, sentencing guidelines are not mandatory, and the statutory minimum and maximum ranges for a sentence always override the presumptive sentence established by the guidelines. *Pickett v. State*, 321 Ark. 224, 902 S.W.2d 208 (1995). Therefore, we hold that there was no abuse of discretion by the circuit court with regard to Whittier's sentence, and we affirm.

Affirmed.

GLADWIN, C.J., and WHITEAKER, J., agree.

5



*Jones Law Firm*, by: *F. Parker Jones III*; and *The Law Offices of J. Brent Standridge, P.A.*, by: *J. Brent Standridge*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.