SLIP OPINION



Cite as 2013 Ark. 483

# SUPREME COURT OF ARKANSAS

No. CR–13–594

| | |
|---|---|
| OSCAR W. STANLEY<br><br>APPELLANT<br><br>v.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** November 21, 2013<br><br>PRO SE MOTION FOR TRANSCRIPT, SECOND MOTION FOR TRANSCRIPT, AND MOTION FOR EXTENSION OF TIME TO FILE BRIEF [SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT, 66CR-12-321, HON. J. MICHAEL FITZHUGH, JUDGE]<br><br>APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 2012, appellant Oscar W. Stanley entered a negotiated plea of guilty in the Sebastian County Circuit Court, Fort Smith District, to the charges of robbery and overdraft and was sentenced as a habitual offender to 300 months' imprisonment for the robbery charge with an additional 60 months' suspended imposition of sentence for the overdraft charge. The sentencing order indicated that the 300–month sentence would run consecutive to appellant's parole violation.[1] On May 28, 2013, appellant filed in the circuit court a pro se petition to

---

[1] The additional terms and conditions of appellant's sentence also indicated that the State's petition to revoke in the Sebastian County Circuit Court, Fort Smith District, Case Nos. CR-99-481(b), CR-05-330, and CR-08-365 would be withdrawn based on appellant's plea to the charges of robbery and overdraft. In CR-99-481(b) and CR-05-330, appellant pled guilty to conspiracy to manufacture methamphetamine, possession of drug paraphernalia, and conspiracy to possess drug paraphernalia. He was sentenced to fourteen years' suspended imposition of sentence, ten years' suspended imposition of sentence, and five years' imprisonment with an additional five years' suspended imposition of sentence, respectively. In CR-08-365, appellant pled guilty to

correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111. The circuit court denied the petition as untimely, and appellant lodged an appeal from the order in this court.

Now before us are appellant's motions for transcript and motion for extension of time to file brief.[2] As it is clear from the record that appellant could not prevail if the appeal were permitted to go forward, the appeal is dismissed, and the motions are moot. An appeal from an order that denied a petition for postconviction relief will not be permitted to proceed where it is clear that the appellant could not prevail. *Davis v. State*, 2013 Ark. 118 (per curiam); *Holliday v. State*, 2013 Ark. 47 (per curiam).

Appellant asserted in his petition that his sentence was illegal because the circuit court violated constitutional provisions by retroactively applying the law; though, he does not specify which law was retroactively applied by the court. He further took issue with the application of parole-eligibility statutes to his sentence and argued that his multiple sentences, including sentences imposed for prior convictions, should run consecutively to the sentence imposed in his 1993 case, which he deemed the "cumulative sentence." Finally, appellant alleged ineffective assistance of counsel for his trial counsel's failure to object to, or advise him

---

theft by deception and was sentenced to five years' imprisonment with an additional five years' suspended imposition of sentence. Because of the theft by deception, the circuit court revoked appellant's suspended sentences in CR-99-481(b) and CR-05-330 upon motion of the State, and appellant was sentenced to five years' imprisonment with an additional nine years' suspended imposition of sentence. The Arkansas Court of Appeals affirmed the revocation order in *Stanley v. State*, 2009 Ark. App. 293.

[2]Appellant's brief-in-chief was due on August 19, 2013, and was tendered late on September 12, 2013.



of, the sentencing scheme.

A claim that a sentence is illegal presents an issue of subject-matter jurisdiction that can be addressed at any time. *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *see Culbertson v. State*, 2012 Ark. 112 (per curiam). However, the claims advanced in appellant's petition do not allege an illegal sentence of the type that is jurisdictional in nature; rather, the grounds for relief raised in appellant's petition are of the type that should have been raised at trial, on appeal, or in a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012).

Allegations that constitute constitutional challenges to a sentence, which is within statutory range, and claims of trial error are properly made in the circuit court at trial.[3] *See Davis*, 2013 Ark. 118. Section 16-90-111 does not provide a means to attack a sentence on the constitutional grounds raised by appellant. Likewise, appellant's claims regarding ineffective assistance of counsel are not cognizable under section 16-90-111, but should have been filed in a timely petition pursuant to Rule 37.1. *See Hickman v. State*, 2012 Ark. 359 (per curiam).

A petition that states postconviction relief cognizable under Arkansas Rule of Criminal Procedure 37.1 is governed by that rule regardless of the label placed on it by a petitioner. *Purifoy v. State*, 2013 Ark. 26 (per curiam). To the extent that a claim is cognizable under the Rule, section 16-90-111 has been superseded, and any allegation that can be considered under

---

[3]When a defendant enters a plea of guilty, the plea is his or her trial. *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984).

SLIP OPINION

Rule 37.1 is subject to the time limitations contained in the Rule. *Murphy v. State*, 2013 Ark. 243 (per curiam).

Pursuant to Rule 37.2, where an appellant entered a plea of guilty, a petition must be filed within ninety days of the date that the judgment was entered-of-record. Ark. R. Crim. P. 37.2(c)(i) (2012). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, the circuit court lacks jurisdiction to grant postconviction relief. *Talley v. State*, 2012 Ark. 314 (per curiam); *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996) (per curiam). The petition in the instant case was not timely filed as appellant filed the petition approximately ten months after the sentencing order was entered-of-record; thus, the circuit court had no jurisdiction to grant the relief sought. Where the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Winnett v. State*, 2012 Ark. 404 (per curiam).

Even if considered under the statute, appellant's petition was also untimely under section 16-90-111. At best, appellant's claims challenge the imposition of his sentence. The statute allows a circuit court to correct a sentence imposed in an illegal manner within the time allowed under the statute for a reduction of sentence. Section 16-90-111(b)(1) requires that an order under the statute that reduces a sentence must be entered within ninety days after the sentence is imposed or within sixty days after receipt by the circuit court of the mandate issued upon affirmance of the judgment or dismissal of the appeal. Appellant's petition was not filed within the time limits allowed by the statute.

Appeal dismissed; motions moot.

*Oscar W. Stanley*, pro se appellant.

No response.