

# SUPREME COURT OF ARKANSAS

No. CR-14-98

| | | |
|---|---|---|
| | | **Opinion Delivered** April 24, 2014 |
| ANDRE USSERY | APPELLANT | APPELLEE'S MOTION TO DISMISS APPEAL, OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE BRIEF |
| v. | | [PULASKI COUNTY CIRCUIT COURT, NOS. 60CR-12-330, 60CR-12-397, 60CR-12-398, 60CR-12-399] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | | <u>MOTION TO DISMISS APPEAL GRANTED</u>. |

## PER CURIAM

In 2012, judgment was entered in the Pulaski County Circuit Court reflecting that appellant Andre Ussery had entered a plea of guilty to felony offenses in cases 60CR-12-330, 60CR-12-397, 60CR-12-398, and 60CR-12-399, for which he was sentenced to serve an aggregate term of 300 months' imprisonment. An additional sentence of 180 months' imprisonment was suspended.

More than eight months after the judgment had been entered, appellant filed in the trial court in the four cases a pro se petition to correct or reduce the sentence imposed pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 2006), alleging ineffective assistance of counsel and that the sentence violated the Eighth Amendment and the Fourteenth Amendment. The trial court denied the petition, and appellant lodged an appeal here from the order. The appellee State now asks that the appeal be dismissed on the ground that the petition was not timely filed in the trial court.

We grant the State's motion to dismiss the appeal inasmuch as it is clear from the record that appellant could not prevail on appeal. An appeal from an order that denied a petition for postconviction relief, including an appeal from an order that pertained to a petition under section 16-90-111, will not be permitted to go forward where it is clear that there is no merit to the appeal. *See Stanley v. State*, 2013 Ark. 483 (per curiam).

Appellant's claims of ineffective assistance of counsel were cognizable under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1 (2012). A petition that states a claim for postconviction relief cognizable under Rule 37.1 is governed by that rule regardless of the label placed on it by a petitioner. *Stanley*, 2013 Ark. 483; *Purifoy v. State*, 2013 Ark. 26 (per curiam). To the extent that a claim is cognizable under the Rule, section 16-90-111 has been superseded, and any allegation that can be considered under Rule 37.1 is subject to the time limitations contained in the Rule. *Murphy v. State*, 2013 Ark. 243 (per curiam).

Pursuant to Rule 37.2, where an appellant entered a plea of guilty, a petition must be filed within ninety days of the date that the judgment was entered-of-record. Ark. R. Crim. P. 37.2(c)(i) (2012). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, the trial court lacks jurisdiction to grant postconviction relief. *Talley v. State*, 2012 Ark. 314 (per curiam); *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996) (per curiam). The petition in the instant case was not timely filed because appellant filed it more than ninety days after the judgment had been entered of record; accordingly, the trial court had no jurisdiction to grant the relief sought. When the lower court lacks jurisdiction, the appellate court also lacks jurisdiction. *Winnett v. State*, 2012 Ark. 404 (per curiam).

Even if considered under the provision in section 16-90-111 that allows the trial court to correct an illegal sentence at any time, appellant was entitled to no relief. Appellant did not claim that the sentences imposed were outside the statutory range for the offenses. Rather, appellant argued that the sentences imposed were illegal because they violated the Eighth Amendment and the Fourteenth Amendment on the ground that he was required to serve 100 per cent of his sentence and would not become eligible for parole.

A claim that a sentence is illegal presents an issue of subject-matter jurisdiction that can be addressed at any time. *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *see Culbertson v. State*, 2012 Ark. 112 (per curiam). However, the claim, as advanced in appellant's petition, did not allege an illegal sentence of the type that is jurisdictional in nature; rather, the ground for relief raised in appellant's petition was of the type that should have been raised in the trial court, or, to the degree that the allegation concerned whether counsel was effective with respect to counsel's advice to appellant in the guilty-plea proceeding, in a petition for postconviction relief pursuant to Rule 37.1. Allegations that constitute constitutional challenges to a sentence, which is within the statutory range, and claims of trial error are properly made at trial.[1] *See Davis v. State*, 2013 Ark. 118 (per curiam). Section 16-90-111 did not provide a means to attack a sentence on the constitutional grounds raised by appellant. *See Stanley*, 2013 Ark. 483.

Motion to dismiss appeal granted.

*Andre Ussery*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

---

[1]When a defendant enters a plea of guilty, the plea is his or her trial. *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984); *see also Tolefree v. State*, 2014 Ark. 26 (per curiam).