

Cite as 2014 Ark. 231

# SUPREME COURT OF ARKANSAS

No. CR-13-1003

| | | |
|---|---|---|
| | | **Opinion Delivered** May 15, 2014 |
| TRAMMELL MOORE | APPELLANT | PRO SE APPELLANT'S MOTION FOR EXTENSION OF BRIEF TIME, [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-12-23] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE |
| | | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

On April 11, 2013, judgment was entered in the Jefferson County Circuit Court reflecting that appellant Trammell Moore had entered a plea of guilty to murder in the first degree, committing a terroristic act, battery in the first degree, and two counts of battery in the second degree. An aggregate sentence of 348 months' imprisonment was imposed.

On June 27, 2013, appellant filed in the trial court a pro se petition for reduction of sentence pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 2006), alleging that the sentence imposed was excessive and that he should have been charged with, and allowed to to plead guilty to, manslaughter because he did not intend to cause death or harm to the victims and because he acted in self-defense. He also made the statement that, when an accused acted "in his necessary self-defense, a counsel should had call [sic] for instruction as to involuntary manslaughter."

The trial court denied the petition, and appellant lodged an appeal here from the order. Appellant now asks for an extension of time to file his brief. As it is clear from the record that appellant could not prevail on appeal, the appeal is dismissed, and the motion is moot. An

SLIP OPINION

appeal from an order that denied a petition for postconviction relief, including an appeal from an order that pertained to a petition under section 16-90-111, will not be permitted to go forward where it is clear that there is no merit to the appeal. *Carter v. State*, 2010 Ark. 349 (per curiam); *see also Stanley v. State*, 2013 Ark. 483 (per curiam).

Appellant did not contend that the sentence imposed on him was illegal. He merely sought to have the sentence reduced. While the statute provides that a petition for reduction of sentence is timely if filed within ninety days of the date the judgment was entered of record, we have held that a trial court is constrained in its ability to grant relief under the statute because a trial court is without jurisdiction to modify, amend, or revise a valid sentence once it has been put into execution. *Denson v. State*, 2013 Ark. 209; *Carter*, 2010 Ark. 349. Here, the sentence was put into execution when the trial court issued the sentencing order on April 11, 2013. *See Denson*, 2013 Ark. 209.

As the trial court noted in its order, the petition was also without merit if considered as a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). The court may treat a petition that states a claim for postconviction relief cognizable under the Rule as a Rule 37.1 petition regardless of the label placed on it by a petitioner. *Stanley*, 2013 Ark. 483; *Purifoy v. State*, 2013 Ark. 26 (per curiam). Appellant's petition was verified, and it was timely pursuant to Rule 37.2(c)(i) as it was filed within ninety days of the date that the judgment was entered of record.

Here, appellant's allegation that his sentence was excessive and his challenge to the plea of guilty were cognizable under Rule 37.1. Our jurisdiction to consider the appeal as the appeal

2

of an order that denied relief under the Rule is pursuant to Rule 37 and Arkansas Supreme Court Rule 1-2(a)(8) (2013).

This court has held that it will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Paige v. State*, 2013 Ark. 432 (per curiam); *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 494.

First, with respect to appellant's allegation that his sentence was excessive, he did not argue that any of the sentences imposed for his offenses was outside the range of appropriate sentences set by statute. His argument was that the facts giving rise to the charges demonstrated that he should have been charged with manslaughter. Generally, with few exceptions not applicable to the present case, claims that challenge a guilty plea under Rule 37.1 are limited to those alleging that the plea was not made voluntarily and intelligently or that the plea was entered without effective assistance of counsel. *Dotson v. State*, 2013 Ark. 382 (per curiam). By pleading guilty, appellant waived any claim that he was not guilty of the charges. *Thacker v. State*, 2012 Ark. 205 (per curiam).

To the extent that appellant's mention in his petition that "a counsel" should ask for an instruction on voluntary manslaughter could be construed as a claim that he was not afforded effective assistance of counsel, the trial court's decision that appellant failed to demonstrate that his attorney was ineffective was not clearly erroneous. In an appeal from a circuit court's denial

of a petition for postconviction relief under Rule 37.1, the sole question presented is whether, based on the totality of the evidence, the circuit court clearly erred in holding that counsel's performance was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hickey v. State*, 2013 Ark. 237, ___ S.W.3d ___ (per curiam).

Under the two-prong *Strickland* test, a petitioner raising a claim of ineffective assistance of counsel must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id.* A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness. *Dansby v. State*, 347 Ark. 674, 66 S.W.3d 585 (2002). In doing so, the petitioner must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Harrison*, 2012 Ark. 198, 404 S.W.3d 830. The petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Thompson v. State*, 2013 Ark. 179 (per curiam).

With respect to the second prong of the test, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, a petitioner who has pled guilty must demonstrate a reasonable probability that, but for counsel's errors, he would not have entered a guilty plea and would have insisted on going to trial. *Scott v. State*, 2012 Ark. 199,

4

406 S.W.3d 1. A petitioner who has entered a guilty plea normally will have considerable difficulty in proving any prejudice, as the plea rests upon an admission in open court that the petitioner did the act charged. *Meek v. State*, 2013 Ark. 314 (per curiam). A petitioner under Rule 37.1 must allege some direct correlation between counsel's deficient behavior and the decision to enter the plea. *Id.* The burden is entirely on a petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support a claim of prejudice. *Thompson*, 2013 Ark. 179. Conclusory statements cannot be the basis of postconviction relief. *Id.*

Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process rendering the result unreliable. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. There is no reason for a court deciding an ineffective-assistance-of-counsel claim to address both components of the *Strickland* standard if the petitioner makes an insufficient showing on one of the prongs. *Id.* (citing *Strickland*, 466 U.S. at 697). Here, appellant failed to demonstrate the requisite prejudice that, but for counsel's alleged errors, he would not have entered a plea of guilty and would have demanded a trial. Accordingly, he was not entitled to postconviction relief on a claim that counsel was ineffective under Rule 37.1.

Appeal dismissed; motion moot.

*Trammell Moore*, pro se appellant.

No response.