SLIP OPINION

Cite as 2014 Ark. 364

# SUPREME COURT OF ARKANSAS

No. CR-13-239

| | | |
|---|---|---|
| | | **Opinion Delivered** September 11, 2014 |
| MARVIN LIVINGSTON | | |
| | APPELLANT | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | | [NOS. 35CR-06-562, 35CR-06-837, 35CR-07-31, 35CR-07-87, 35CR-07-1018, 35CR-08-14, 35CR-08-26, 35CR-08-590] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BERLIN C. JONES, JUDGE |
| | | AFFIRMED. |

## PER CURIAM

In 2009, judgment was entered in the Jefferson County Circuit Court reflecting that appellant Marvin Livingston had entered a negotiated plea of nolo contendere to fourteen felony offenses for which an aggregate sentence of 156 months' imprisonment had been imposed. In 2012, appellant filed in the trial court a pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 2006), alleging that he was not afforded effective assistance of counsel when he entered the plea in 2009.

The trial court denied the petition, and appellant brings this appeal. This court has held that it will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Paige v. State*, 2013 Ark. 432 (per curiam); *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 494.

Appellant's claims of ineffective assistance of counsel were cognizable under our

SLIP OPINION

postconviction rule, Arkansas Rule of Criminal Procedure 37.1 (2009). A petition that states a claim for postconviction relief cognizable under Rule 37.1 is governed by that rule regardless of the label placed on it by a petitioner. *Ussery v. State*, 2014 Ark. 186 (per curiam); *Stanley v. State*, 2013 Ark. 483 (per curiam); *Purifoy v. State*, 2013 Ark. 26 (per curiam). To the extent that a claim is cognizable under the Rule, section 16-90-111 has been superseded, and any allegation that can be considered under Rule 37.1 is subject to the time limitations contained in the Rule. *Ussery*, 2014 Ark. 186 (citing *Murphy v. State*, 2013 Ark. 243 (per curiam)).

Pursuant to Rule 37.2, when a petitioner entered a plea of guilty, a petition must be filed within ninety days of the date that the judgment was entered of record. Ark. R. Crim. P. 37.2(c)(i) (2009). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, the trial court lacks jurisdiction to grant postconviction relief. *Ussery*, 2014 Ark. 186; *Talley v. State*, 2012 Ark. 314 (per curiam); *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996) (per curiam). The petition in the instant case was not timely filed because appellant filed it more than ninety days after the judgment had been entered of record; accordingly, the trial court had no jurisdiction to grant the relief sought. When the lower court lacks jurisdiction, the appellate court also lacks jurisdiction. *Ussery*, 2014 Ark. 186; *Winnett v. State*, 2012 Ark. 404 (per curiam).

Even if considered under the provision in section 16-90-111 that allows the trial court to correct an illegal sentence at any time, appellant was entitled to no relief. Appellant did not claim that the sentences imposed were outside the statutory range for the offenses. Rather, appellant argued that the sentences imposed were illegal because he was denied effective

assistance of counsel and was not properly informed of his parole-eligibility date.

A claim that a sentence is illegal presents an issue of subject-matter jurisdiction that can be addressed at any time. *Ussery*, 2014 Ark. 186; *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *see Culbertson v. State*, 2012 Ark. 112 (per curiam). However, the claim, as advanced in appellant's petition, did not allege an illegal sentence of the type that is jurisdictional in nature. Rather, the ground for relief raised in appellant's petition was of the type that should have been raised in the trial court. To the degree that the allegation concerned whether counsel was effective with respect to counsel's advice to appellant in the guilty-plea proceeding, the claim should have been raised in a timely petition for postconviction relief pursuant to Rule 37.1. *Ussery*, 2014 Ark. 186. Allegations that constitute constitutional challenges to a sentence within the statutory range are assertions of trial error that are properly made at trial.[1] *Id.*; *see also Davis v. State*, 2013 Ark. 118 (per curiam). Section 16-90-111 does not provide a means to attack a sentence on the grounds raised by appellant. *Davis*, 2013 Ark. 118; *see also Stanley*, 2013 Ark. 483.

Affirmed.

*Marvin Livingston*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.

---

[1]When a defendant enters a plea of guilty, the plea is his or her trial. *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984); *see also Tolefree v. State*, 2014 Ark. 26 (per curiam).