SLIP OPINION

Cite as 2014 Ark. 439

# SUPREME COURT OF ARKANSAS

No. CR-14-686

| | |
|---|---|
| | **Opinion Delivered** October 23, 2014 |
| RODNEY W. McCLANTON<br>APPELLANT | PRO SE APPELLANT'S MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR EXTENSION OF BRIEF TIME |
| V. | [CRITTENDEN COUNTY CIRCUIT COURT, NO. 18CR-05-151] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE RANDY PHILHOURS, JUDGE |
| | APPEAL DISMISSED; MOTIONS MOOT. |

**PER CURIAM**

On June 27, 2005, judgment was entered in the Crittenden County Circuit Court reflecting that appellant Rodney W. McClanton had entered a plea of guilty to the sale or delivery of a controlled substance and sentenced as a habitual offender to 120 months' imprisonment in Case No. 18CR-05-151. Imposition of an additional sentence of 180 months' imprisonment was suspended.

On July 11, 2012, the State moved to revoke the suspended sentence, and appellant entered a plea of guilty to having violated the terms of the suspended sentence in Case No. 18CR-05-151. He also entered a plea of guilty to robbery and being a felon in possession of a firearm in a separate case, No. 18CR-12-741. He was sentenced to 360 months' imprisonment as a habitual offender in Case No. 18CR-05-151. In Case No. 18CR-12-741, imposition of a 240-month sentence on each count was suspended.

On March 21, 2014, appellant filed in the trial court in Case No. 18CR-05-151 a pro se petition to correct the sentence imposed in 2012 on revocation of the suspended 2005 sentence.

The petition was filed pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 2006). He alleged in the petition that his attorneys only spoke with him briefly before he was rushed into entering the plea in 2012 and that the evidence was not sufficient to sustain the judgment of conviction.

The trial court denied the petition, and appellant lodged an appeal here from the order. Appellant now asks for appointment of counsel to represent him on appeal and an extension of time to file his brief-in-chief. As it is clear from the record that appellant could not prevail on appeal, the appeal is dismissed, and the motions are moot. An appeal from an order that denied a petition for postconviction relief, including an appeal from an order that pertained to a petition under section 16-90-111, will not be permitted to go forward where it is clear that there is no merit to the appeal. *Moore v. State*, 2014 Ark. 231 (per curiam).

Appellant's claim that he was not properly advised by his attorneys and hurried into pleading guilty was a claim of ineffective assistance of counsel that was cognizable under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1 (2012). A petition that states a claim for postconviction relief cognizable under Rule 37.1 is governed by that rule regardless of the label placed on it by a petitioner. *Ussery v. State*, 2014 Ark. 186 (per curiam). To the extent that a claim is cognizable under the Rule, section 16-90-111 has been superseded, and any allegation that can be considered under Rule 37.1 is subject to the time limitations contained in the Rule. *Id.*

Pursuant to Rule 37.2, where an appellant entered a plea of guilty, a petition must be filed within ninety days of the date that the judgment was entered-of-record. Ark. R. Crim. P.

2

SLIP OPINION

37.2(c)(i) (2012). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, the trial court lacks jurisdiction to grant postconviction relief. *Talley v. State*, 2012 Ark. 314 (per curiam). The petition in the instant case was not timely filed because appellant filed it more than ninety days after the judgment had been entered of record in 2012; accordingly, the trial court had no jurisdiction to grant the relief sought. When the lower court lacks jurisdiction, the appellate court also lacks jurisdiction. *Ussery*, 2014 Ark. 186.

Even if considered under the provision in section 16-90-111 that allows the trial court to correct an illegal sentence at any time, appellant was entitled to no relief. Appellant did not claim that the sentences imposed were outside the statutory range for the offense. Rather, appellant argued that the sentences imposed were illegal because the evidence was not sufficient to sustain the judgment. Generally, with few exceptions not applicable to the present case, by pleading guilty, appellant waived any claim that the evidence was insufficient to support the charge. *See Thacker v. State*, 2012 Ark. 205 (per curiam).

While a claim that a sentence is illegal presents an issue of subject-matter jurisdiction that can be addressed at any time, *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam), the claim, as advanced in appellant's petition, did not allege an illegal sentence of the type that is jurisdictional in nature. Instead, the ground for relief raised in appellant's petition was of the type that should have been raised in the trial court, or, to the degree that the allegation concerned whether counsel was effective with respect to counsel's advice to appellant in the guilty-plea proceeding, in a petition for postconviction relief pursuant to Rule 37.1. Allegations concerning the sufficiency of the evidence that constitute a challenge to a sentence, which is within the statutory

3

range, are properly made at trial. *See Gardner v. Hobbs*, 2014 Ark. 346 ___ S.W.3d ___ (per curiam). Section 16-90-111 did not provide a means to attack a sentence on the grounds of whether the evidence was sufficient to sustain the judgment or mere trial error. *See Ussery*, 2014 Ark. 186.

Appeal dismissed; motions moot.

*Rodney W. McClanton*, pro se appellant.

No response.