SLIP OPINION

Cite as 2014 Ark. 542

# SUPREME COURT OF ARKANSAS

No. CR-14-880

| | | |
|---|---|---|
| RONALD E. PARKER | | Opinion Delivered December 18, 2014 |
| | APPELLANT | |
| V. | | PRO SE MOTION FOR APPOINTMENT OF COUNSEL [GARLAND COUNTY CIRCUIT COURT, NO. 26CR-03-21] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| | | APPEAL DISMISSED; MOTION MOOT. |

**PER CURIAM**

In 2003, appellant Ronald Edward Parker entered a plea of guilty to second-degree sexual assault and was sentenced as a habitual offender to 204 months' imprisonment. On June 10, 2014, appellant filed in the trial court a pro se motion asking that a "prison bond" be set and that he be granted a pardon. The motion was denied by the trial court on June 20, 2014. On July 16, 2014, appellant filed a second motion seeking to have bond set and a pardon granted. He also filed on that day a motion asking the court to "press charges" on two persons for making false accusations against him in 2002 that caused his arrest and ultimately caused him to be imprisoned. The court denied both motions in separate orders entered July 16, 2014. Also on July 16, 2014, appellant filed a notice of appeal in which he stated that he was appealing from the final order of the trial court entered on July 7, 2014.

The record was lodged with this court on October 14, 2014. Parker now asks by pro se motion that counsel be appointed to represent him on appeal.

We first note that there is no order in the record that was entered on July 7, 2014. However, Parker may have been intended to appeal from the June 20, 2014 order as the notice of appeal was timely as to that order. Therefore, the date of the order may have been a mere scrivener's error on Parker's part. *See Lenard v. State*, 2014 Ark. 248 (per curiam).

Even so, we find cause to dismiss the appeal because it is clear from the record that Parker could not prevail on appeal from any of the orders. All three motions that Parker filed in the trial court sought postconviction relief from the judgment entered in 2003. Such motions are considered as requests for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2003). An appeal of the denial of postconviction relief will not be permitted to go forward where the appeal is without merit. *See Stewart v. State*, 2014 Ark. 85 (per curiam).

In the motions before the trial court, Parker argued that he should be released from prison because he had lost contact with family and friends during incarceration, he has been unable to access the legal documents he needs to challenge the judgment in his case, there were inconsistencies in the evidence against him and the evidence was insufficient to sustain the judgment, and he needs to be at home to assist his aging grandmother. The motions, and also the motion seeking to charge two other persons with criminal offenses, raised a variety of allegations seeking relief from the judgment itself. However, regardless of the label placed on a pleading by the petitioner, a pleading that mounts a collateral attack on a judgment is governed by the provisions of our postconviction rule, Rule 37.1. *Green v. State*, 2014 Ark. 115 (per curiam). Because Parker's motions request postconviction relief from the 2003 judgment, the three motions were not timely filed.

Pursuant to Rule 37.2, when a petitioner enters a plea of guilty, any petition for postconviction relief must be filed within ninety days of the date that the judgment was entered of record. Ark. R. Crim. P. 37.2(c)(i) (2003). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, the trial court lacks jurisdiction to grant postconviction relief. *Talley v. State*, 2012 Ark. 314 (per curiam). Because Parker's motions were filed in the trial court more than ninety days after the judgment had been entered of record in 2003, the trial court had no jurisdiction to grant the relief sought. When the lower court lacks jurisdiction, the appellate court also lacks jurisdiction. *Ussery v. State*, 2014 Ark. 186 (per curiam).

With respect to appellant's request that the trial court grant him a pardon, pardons and executive clemency are within the purview of the executive branch of government. Ark. Const. art. 6, § 18. Under our constitution, the executive branch has sole authority to grant pardons and clemency. *See Coones v. State*, 280 Ark. 321, 657 S.W.2d 553 (1983) (citing *Smith v. State*, 262 Ark. 239, 555 S.W.2d 569 (1977)). Requests for a pardon or executive clemency are unavailing as grounds for relief in a petition for postconviction relief filed in the trial court. *See Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam).

Appeal dismissed; motion moot.

*Ronald Parker*, pro se appellant.

No response.