SLIP OPINION  Cite as 2015 Ark. 84

# SUPREME COURT OF ARKANSAS

No. CR-14-715

| | | |
|---|---|---|
| ELIJAH L. WATSON | APPELLANT | **Opinion Delivered** February 26, 2015 |
| | | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-07-4316] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | | <u>APPEAL DISMISSED</u>. |

## PER CURIAM

In 2008, appellant Elijah L. Watson entered a plea of guilty to first-degree battery and felon in possession of a firearm. An aggregate sentence of 420 months' imprisonment was imposed. In 2014, appellant filed in the trial court a pro se "Motion to Enforce Guilty Plea Agreement." In the motion, he alleged that, in consideration of his pleading guilty, his attorney was supposed to obtain assurance of the length of time he would be required to serve as a "Class I-C inmate" before he would become eligible for parole. He further alleged that he was informed he would serve only seven and one-half years before becoming eligible for parole, but he learned after he was transferred to the Arkansas Department of Correction ("ADC") that the ADC would require him to serve twenty-two and one-half years before becoming eligible for parole. Appellant requested that the trial court enforce the plea agreement so that he would be eligible for parole seven and one-half years after the judgment was entered. The trial court denied the motion on the ground that it was an untimely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2008), and appellant brings this appeal.

Appellant argues on appeal that the trial court erred by allowing the ADC to change and

enhance his sentence by calculating his parole-eligibility date in a way that did not conform to the plea agreement and by not responding to his arguments concerning the applicable statutes to determine his parole-eligibility date. He further argues that he would not have accepted the plea agreement had he known how the ADC would calculate his parole-eligibility date and that this court should vacate his "prison sentence enhancement."

We first note that it is not clear whether appellant intended the motion filed in the trial court to be a petition for postconviction relief seeking to vacate the judgment of conviction entered on the plea of guilty or a challenge to the ADC's calculation of his parole-eligibility date. If it is construed as a challenge to the ADC's actions, the challenge is one that is not cognizable in a motion for relief filed in the trial court. *Johnson v. State*, 2012 Ark. 212. We have specifically held that parole eligibility falls clearly within the domain of the executive branch and specifically the ADC, as fixed by statute. *Id.*; *see* Ark. Code Ann. § 5-4-402(a) (Repl. 2006) ("[A] defendant convicted of a felony and sentenced to imprisonment shall be committed to the custody of the Department of Correction for the term of his or her sentence or until released in accordance with law."). Accordingly, the judiciary has no role in how parole eligibility is determined or the conditions to be placed on it once the sentence is placed into execution. *Johnson*, 2012 Ark. 212; *see also Pitts v. Hobbs*, 2013 Ark. 457 (per curiam).

To the extent that appellant's claims can be construed as allegations of ineffective assistance of counsel, or a request for modification of his sentence, or for vacation of the judgment, the trial court was correct that the motion fell within the purview of Rule 37.1 and that it was untimely filed. A petition that seeks postconviction relief on grounds cognizable

under Rule 37.1 is governed by that rule regardless of the label placed on it by the petitioner. *See Lambert v. State*, 2012 Ark. 310 (per curiam).

Pursuant to Rule 37.2, when an appellant enters a plea of guilty, a petition must be filed within ninety days of the date that the judgment was entered of record. Ark. R. Crim. P. 37.2(c)(i). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, the trial court lacks jurisdiction to grant postconviction relief. *McClanton v. State*, 2014 Ark. 439, 445 S.W.3d 516 (per curiam).

This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Livingston v. State*, 2014 Ark. 364, 439 S.W.3d 693 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 494. Here, we find no mistake. Whether the motion was considered as a challenge to the ADC's calculation of appellant's parole-eligibility date or a petition under the Rule, the trial court lacked jurisdiction to grant the relief sought. Where the trial court lacks jurisdiction, the appellate court also lacks jurisdiction. *Green v. State*, 2014 Ark. 115 (per curiam). For that reason, the appeal is dismissed. *See Ussery v. State*, 2014 Ark. 186 (per curiam).

Appeal dismissed.

*Elijah L. Watson*, pro se appellant.

No response.