

Cite as 2015 Ark. 134

# SUPREME COURT OF ARKANSAS

No. CR-14-898

DONALD FELIX WINNETT

                                    APPELLANT

V.


STATE OF ARKANSAS

                                    APPELLEE

Opinion Delivered April 2, 2015

PRO SE APPEAL FROM THE SALINE COUNTY CIRCUIT COURT AND PRO SE MOTIONS TO FILE SUPPLEMENTAL BRIEF, FOR RELIEF, AND FOR HEARING
[NO. 63CR-06-523]

HONORABLE GARY ARNOLD, JUDGE


AFFIRMED; MOTIONS TO FILE SUPPLEMENTAL BRIEF AND FOR HEARING MOOT; MOTION FOR RELIEF DISMISSED.

## PER CURIAM

In 2007, appellant Donald Felix Winnett entered a plea of guilty to rape and was sentenced to 240 months' imprisonment. In 2014, appellant filed in the trial court two pro se motions styled, "Motion for a State of Duress." The court denied both motions in one order, and appellant brings this appeal. This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Conley v. State*, 2014 Ark. 172, 433 S.W.3d 234. We affirm the trial court's order.

Regardless of the label placed by appellant on the two motions, a pleading is considered an application for relief under Arkansas Rule of Criminal Procedure 37.1 (2007) if the grounds asserted in it mount a collateral attack on the judgment of conviction cognizable under that rule.

*Parker v. State*, 2014 Ark. 542, ___ S.W.3d ___ (per curiam). The motions filed by appellant consisted of such collateral challenges to the judgment mixed with direct challenges to the judgment of the sort that should have been raised, and settled, at the time appellant entered his plea.

To the extent that appellant raised claims cognizable under Rule 37.1, the motions were not timely filed. Under Rule 37.1(c)(i) where, as here, a petitioner entered a plea of guilty, a petition under the rule must be filed within ninety days of the date that the judgment of conviction was entered. *Livingston v. State*, 2014 Ark. 364, 439 S.W.3d 693 (per curiam); *Wright v. State*, 2011 Ark. 356 (per curiam). The time limitations in Rule 37.1(c) are jurisdictional in nature, and, if those requirements are not met, the circuit court lacks jurisdiction to consider an untimely petition. *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989). When a judgment is entered on a plea of guilty, with the exception of certain issues concerning sentencing, the only claims cognizable in a Rule 37.1 proceeding are those asserting that the petitioner's plea was not entered intelligently and voluntarily or that it was entered without effective assistance of counsel. *Meek v. State*, 2013 Ark. 314 (per curiam). Those claims pertaining to the voluntary and intelligent entry of the plea must be raised in a timely petition under the Rule. *Wilburn v. State*, 2014 Ark. 394, 441 S.W.3d 29 (per curiam).

With respect to those claims raised in the two motions that were a direct challenge to the judgment rather than a collateral challenge, appellant argued the following: there was no warrant issued for his arrest; he was coerced into pleading guilty by fear of a greater sentence if he proceeded to trial by jury; the prosecution was biased against him; he was denied the right to

appeal from the plea of guilty; his mental condition was not addressed in the plea proceeding; he was charged with the "wrong crime" and never legally charged; he was not advised of his rights under *Miranda v. Arizona*, 384 U.S. 435 (1966). The issues did not present a cause for granting postconviction relief from the judgment inasmuch as the issues could have been settled in the trial court at the time appellant entered his plea.[1] Moreover, the assertions of error alleged by appellant in his motions would not have entitled him to postconviction relief if raised in a timely Rule 37.1 petition. Allegations of error, even if advancing an issue of constitutional dimension, are not grounds for a collateral attack on a judgment of conviction entered on a plea of guilty. *See Munnerlyn v. State*, 2014 Ark. 27 (per curiam) (citing *Murphy v. State*, 2013 Ark. 243 (per curiam)).

Appellant has filed a motion to file a supplemental brief in this appeal and for a hearing. Inasmuch as we find no merit to the appeal, the motions are moot.

Appellant has also filed a "Motion of Relief" in which he requests that this court reduce his sentence on the grounds that he was arrested without a warrant, he was not advised of his *Miranda* rights and he did not understand his rights, and he was coerced by the prosecution into accepting a plea bargain. Essentially, appellant has filed on appeal a motion for reduction of sentence that is separate from the appeal. There is no provision in the prevailing rules of procedure for an appellant to file such a motion in the appellate court. *See Gilliland v. State*, 2014

---

[1] In his brief, appellant raises additional allegations of error that were not included in the motions considered by the trial court. Even if the claims were within the purview of the Rule, the allegations were not before the trial court for its consideration; thus, they could not be considered on appeal. *See Green v. State*, 2013 Ark. 455 (per curiam).

SLIP OPINION

Ark. 149 (per curiam) (A request for modification or reduction of sentence must be raised in a petition timely filed in accordance with Rule 37.2(c)(i).). Accordingly, the motion is dismissed.

Affirmed; motions to file supplemental brief and for hearing moot; motion for relief dismissed.

*Donald Winnett*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Kehler Shue*, Ass't Att'y Gen., for appellee.