SLIP OPINION

Cite as 2015 Ark. 249

# SUPREME COURT OF ARKANSAS

No. CR-14-929

|  |  |  |
|---|---|---|
| RAYMOND SANDERS | | Opinion Delivered May 28, 2015 |
| | APPELLANT | PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-90-58] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JOHN LINEBERGER, JUDGE |
| | APPELLEE | |
| | | APPEAL DISMISSED. |

**PER CURIAM**

In 2014, this court affirmed the judgment of conviction entered in 2012 against Raymond Sanders for two counts of capital murder committed in 1989. *Sanders v. State*, 2014 Ark. 40.[1] The mandate on affirmance of the judgment was issued on February 19, 2014.

On May 8, 2014, seventy-eight days after the mandate had issued, Sanders filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012), challenging the judgment. The trial court dismissed the petition on the ground that it was not timely filed. Sanders brings this appeal.

We dismiss the appeal because the trial court correctly determined that the petition was not timely filed. Pursuant to Arkansas Rule of Criminal Procedure 37.2(c) (ii) , if there was an appeal from a judgment of conviction, a petition for relief must be filed in the trial court within sixty days of the date that the mandate was issued by the appellate court. The time limitations

---

[1]The full history of the proceedings in Sanders's case is set out in our opinion affirming the judgment.

imposed in Rule 37.2(c) are jurisdictional in nature. *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989). As the petition was not timely filed, the trial court had no jurisdiction to grant the relief sought. When the lower court lacks jurisdiction, the appellate court also lacks jurisdiction. *Winnett v. State*, 2012 Ark. 404 (per curiam).

Sanders argues in his brief that he should be excused from any requirement pertaining to the timeliness of the petition because neither his attorney in the direct appeal nor this court informed him that the judgment in his case had been affirmed. There is, however, no provision in the prevailing rules of procedure or in the Rule that permits a petitioner to file his petition outside the time limits set by the Rule on the ground that he was not informed of the affirmance of the judgment on direct appeal.

Appeal dismissed.

*Raymond Sanders*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.