SLIP OPINION

Cite as 2015 Ark. 424

# SUPREME COURT OF ARKANSAS

No. CR-15-647

| | | |
|---|---|---|
| | | **Opinion Delivered** November 12, 2015 |
| GLEN D. PERRIAN | APPELLANT | PRO SE APPELLANT'S MOTION FOR APPOINTMENT OF COUNSEL [DESHA COUNTY CIRCUIT COURT, NO. 21CR-13-12] |
| V. | | |
| | | HONORABLE DON GLOVER, JUDGE |
| STATE OF ARKANSAS | APPELLEE | APPEAL DISMISSED; MOTION MOOT. |

**PER CURIAM**

On June 24, 2013, judgment was entered in the Desha County Circuit Court reflecting that appellant Glen D. Perrian had entered a plea of guilty to aggravated robbery and theft of property. Perrian was sentenced to 360 months' imprisonment for the aggravated robbery and 120 months' imprisonment for the theft of property. The sentences were ordered to be served consecutively.

On September 17, 2013, Perrian timely filed in the trial court a pro se petition for reduction of the sentence pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 2011). Section 16-90-111(b)(1) provides that the trial court may reduce a sentence within ninety days after the sentence is imposed.

On September 2, 2014, Perrian filed a second pro se petition for postconviction relief. In the petition, Perrian again sought relief under section 16-90-111 and also invoked Arkansas Rule of Criminal Procedure 37.1 (2013). On February 25, 2015, Perrian filed a motion to withdraw his guilty plea.

The trial court denied all three requests for postconviction relief in one order entered

June 3, 2015. Perrian lodged an appeal here from the order, and he now asks that counsel be appointed to represent him on appeal. As it is clear from the record that Perrian could not prevail on appeal, the appeal is dismissed, and the motion is moot. An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that there is no merit to the appeal. *Moore v. State*, 2014 Ark. 231 (per curiam).

Perrian did not claim in his September 17, 2013 petition for reduction of his sentence under section 16-90-111 that the sentence imposed on him was outside the statutory range for the offenses or that the sentence was otherwise illegal or imposed in an illegal manner. He argued only that the sentence was harsh in comparison to the sentences imposed in other criminal cases, that he had been misadvised by a police officer on the length of the sentence that would be imposed, and that it was his "first time." It is not clear whether Perrian was contending that he was a first-time offender or that it was the first time he had entered a plea of guilty.

With respect to Perrian's claim that his sentence was disproportionate to sentences imposed on other persons, we have held that even the sentence imposed on a petitioner's codefendant in a criminal case is not relevant to the petitioner's guilt, innocence, or punishment. *Baxter v. State*, 324 Ark. 440, 446, 922 S.W.2d 682, 685 (1996). Perrian's comparison of his sentence with sentences imposed on other persons was not a ground to reduce his sentence. *See Robinson v. State*, 278 Ark. 516, 517, 648 S.W.2d 444, 444 (1983).

Likewise, Perrian's allegations that he was misadvised by a police officer on the length of the sentence that would be imposed in his case and that it was his "first time" did not state

SLIP OPINION

a basis to reduce the sentence. The time for Perrian to raise the arguments was before he entered his guilty plea. By pleading guilty, he waived any claim that he was not guilty of the charges. *See Beverage v. State*, 2015 Ark. 112, at 7, 458 S.W.3d 243, 248.

Furthermore, by pleading guilty, he waived any claim that the evidence was insufficient to support the judgment. *See Thacker v. State*, 2012 Ark. 205 (per curiam). Section 16-90-111 does not afford a petitioner who entered a plea of guilty a means to attack a sentence on the grounds that the evidence was insufficient to sustain the judgment. *McClanton v. State*, 2014 Ark. 439, at 4, 445 S.W.3d 516, 518; *Ussery v. State*, 2014 Ark. 186 (per curiam).

Turning to the September 2, 2014 and the February 25, 2015 petitions for postconviction relief, the allegations were properly considered under Rule 37.1. This includes any claims that could be considered a request for reduction of a sentence imposed in an illegal manner. *Perez v. State*, 2015 Ark. 120, at 2 (per curiam). A petition that states a claim for postconviction relief cognizable under Rule 37.1 is governed by that rule regardless of the label placed on it by a petitioner. *Ussery*, 2014 Ark. 186. To the extent that a claim is cognizable under Rule 37.1, section 16-90-111 has been superseded, and any allegation that can be considered under Rule 37.1 is subject to the rule. *Id.*

In the 2014 petition, Perrian reiterated the claims raised in the petition for reduction of sentence and also asserted that he was denied effective assistance of counsel and that the evidence was insufficient to sustain a conviction for aggravated robbery. In the 2015 petition, he repeated the allegations in the 2014 petition.

Neither Perrian's petition filed in 2014 nor the petition filed in 2015 was timely filed in

SLIP OPINION

accordance with Rule 37.2(c)(i). When a petitioner seeking postconviction relief entered a plea of guilty, a petition must be filed within ninety days of the date that the judgment was entered-of-record. Ark. R. Crim. P. 37.2(c)(i). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, the trial court lacks jurisdiction to grant postconviction relief. *Talley v. State*, 2012 Ark. 314 (per curiam). The pleadings filed in 2014 and 2015 were filed more than ninety days after the judgment had been entered of record in 2013; accordingly, the trial court had no jurisdiction to grant the relief sought. When the lower court lacks jurisdiction, the appellate court also lacks jurisdiction. *Sanders v. State*, 2015 Ark. 249, at 2 (per curiam).

Appeal dismissed; motion moot.