Cite as 2024 Ark. 11

# SUPREME COURT OF ARKANSAS

**No.** CR–23–81

|  |  |
|---|---|
| TYQUINCE DAVONN WHITE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** February 1, 2024<br><br>PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT<br>[NO. 30CR-14-49]<br><br>HONORABLE STEPHEN L. SHIRRON, JUDGE<br><br><u>AFFIRMED</u>. |

**CODY HILAND, Associate Justice**

Tyquince Davonn White appeals the denial of his pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). Because White fails to demonstrate how his sentence was either illegal on its face or imposed in an illegal manner, we affirm the circuit court's denial of his petition.

In 2014, after being charged with rape, White pleaded guilty to sexual assault in the second degree[1] and received a sentence of 144 months' probation. White specifically signed an acknowledgement stating, in pertinent part, that the State could revoke his probation for a violation of his agreed upon conditions and impose any sentence that it might have originally imposed. In 2017, after White's probation was revoked for multiple violations, he received a sentence of 120 months' imprisonment and 60 months' suspended imposition of sentence. In 2022, well over five years after sentencing, White petitioned the circuit court

---

[1]Arkansas Code Annotated section 5-14-125(a)(5)(A)(i) (Supp. 2023): A person commits sexual assault in the second degree if the person, being a minor, engages in sexual contact with another person who is less than fourteen years of age.

to correct an illegal sentence based on one factual allegation: "that at the time of the charge on [August 23, 2010], [White] was 3 years and 5 months older than [the victim.]"[2]

Section 16-90-111(a) gives a trial court authority to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* The petitioner seeking relief under section 16-90-111(a) must demonstrate that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the trial court or, as a consequence, implicate the facial validity of the judgment. *Id.*

The trial court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Dillon v. State*, 2023 Ark. 78, 665 S.W.3d 235. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Jefferson v. State*, 2023 Ark. 38, 660 S.W.3d 575.

---

[2]Although White raises two other points for reversal, we do not address them as they are raised for the first time on appeal. *See Jackson v. State*, 2018 Ark. 209, 549 S.W.3d 346. Additionally, White attempts to expound upon his only remaining argument by stating, more generally, that Ark. Code Ann. § 5-14-125 was inapplicable because of the age difference; however, he is bound by the scope and nature of the arguments made at trial and may not change or enlarge those grounds on appeal. *See Grady v. State*, 2023 Ark. 91.

White's petition fails to allege *any* facts as to how the sentence is illegal on its face or that it was imposed in an illegal manner. White's singular factual allegation does not implicate the facial validity of the judgment in that he does not contend that the sentence imposed exceeds the maximum sentence for the offense for which he was convicted. *McArty*, 2020 Ark. 68, 594 S.W.3d 54. Pursuant to Ark. Code Ann. § 5-14-125, sexual assault in the second degree is a Class B felony for which the sentence range is five to twenty years. *See* Ark. Code Ann. § 5-4-401(a)(3) (Repl. 2013). White's sentence falls squarely within that range, making the sentence valid on its face.

White's claim, therefore, must be that the sentence was imposed in an illegal manner. Any claim that a sentence was imposed in an illegal manner, as opposed to a claim that the sentence is facially illegal, is governed by the time limitations set out in Arkansas Rule of Criminal Procedure 37.2(c) (2022). *See Ford v. State*, 2021 Ark. 112, 622 S.W.3d 635. When allegations in a section 16-90-111 petition go behind the face of the judgment, they do not implicate the facial validity of the judgment, and a petitioner who entered a plea of guilty is obligated to raise these allegations under Rule 37.2(c)(1) and to pursue these claims within ninety days from the date the judgment was entered. *Id.* This was clearly not done here as White waited over five years to challenge his sentence. Accordingly, because White's petition to correct an illegal sentence is barred as untimely and is otherwise without merit, the circuit court did not clearly err in denying the petition.

Affirmed.

Webb, J., concurs.

*Tyquince Davonn White*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.