Cite as 2025 Ark. 66

# SUPREME COURT OF ARKANSAS

No. CR-24-301

|  |  |
|---|---|
| MICHAEL P. MCGILL<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** May 8, 2025<br><br>PRO SE APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCR-21-904]<br><br>HONORABLE R. GUNNER DELAY, JUDGE<br><br>AFFIRMED. |

**BARBARA W. WEBB, Justice**

Appellant Michael P. McGill appeals from the circuit court's dismissal of his pro se petition to correct his sentence, which he alleged was "imposed in an illegal manner." The circuit court found that the petition, filed pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016), was untimely. On appeal, McGill reargues the grounds alleged in his petition: his sentence is illegal because he was not arraigned within seventy-two hours as required by federal criminal procedure, his rape charge was illegally altered, counsel was ineffective and coerced him to plead guilty, and relevant documentary evidence was withheld. None of these arguments address the circuit court's finding that the petition was untimely, and therefore, we summarily affirm.

## I. *Background*

McGill's sentencing order reflects that he pleaded guilty to rape by forcible compulsion and was sentenced to 180 months' imprisonment followed by three hundred months' suspended imposition of sentence. The sentencing order was entered in April 2022.

McGill subsequently filed, and later withdrew, a petition for writ of habeas corpus. The habeas petition was dismissed by the circuit court on April 10, 2024.

McGill first drafted a petition to correct his sentence in August 2023. However, the circuit court denied McGill's petition to proceed in forma pauperis. In December 2023, McGill drafted and filed a second petition. The circuit court denied the petition on April 18, 2024, and McGill filed a timely notice of appeal.

## II. *Standard of Review*

The trial court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id*.

## III. *Arkansas Code Annotated Section 16-90-111*

We are mindful that the plain text of Arkansas Code Annotated section 16-90-111(a) provides authority to a trial court to correct an illegal sentence at any time. An illegal sentence is one that is illegal on its face. *Woodruff v. State*, 2024 Ark. 13, 682 S.W.3d 662. A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id*. The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *Id*.

However, claims that do not implicate the facial validity of the judgment are claims that the sentence was imposed in an illegal manner and are governed by the time limitations set forth in Arkansas Rule of Criminal Procedure 37.2(c) (2024). To the extent a claim is

cognizable under Ark. R. Crim. P. 37, section 16-90-111 has been superseded by Rule 37. Claims cognizable under Rule 37 must be treated as having been raised under it, irrespective of the label placed on it by the petitioner. *E.g., Stanley v. State*, 2013 Ark. 483, at 3-4 (per curiam). Under Rule 37.2(c), if the judgment was the result of a guilty plea, then the petition had to be filed within ninety days of the date the order was entered by the trial court. *Id.*

IV. *Claims for Relief*

McGill claims that his sentence is illegal because he was not arraigned within seventy-two hours as required by federal rules and that his trial counsel failed to investigate his claim, refused to allow McGill to assist in his own defense, withheld documentary evidence from him, and coerced him into a guilty plea. Essentially, McGill is alleging that that his sentence was imposed in violation of his right to due process and right to competent counsel. These are claims that the sentence was imposed in an illegal manner, and as such, are governed by the time limitations set out in Arkansas Rule of Criminal Procedure 37.2(c). *White v. State*, 2024 Ark. 11, 682 S.W.3d 7. Accordingly, the time for filing a petition under section 16-90-111 alleging that the sentence was imposed in an illegal manner was due on July 25, 2022, ninety days from the date his sentencing order was entered on April 26, 2022. *See* Ark. R. Crim. P. 37.2(c) (2022). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and if they are not met, a circuit court lacks jurisdiction to consider a petition pursuant to section 16-90-111. *Smith v. State*, 2009 Ark. 85. Therefore, the circuit court did not clearly err when it found that McGill's section 16-90-111 petition was untimely and dismissed his petition.

Affirmed.
*Michael McGill*, pro se appellant.
*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.