Cite as 2023 Ark. 91
# SUPREME COURT OF ARKANSAS
No. CR–22–484

| | | |
|---|---|---|
| SHANNY GRADY | | **Opinion Delivered:** May 25, 2023 |
| | APPELLANT | |
| V. | | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. 28CR-20-548] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE PAMELA HONEYCUTT, JUDGE |
| | | <u>AFFIRMED</u>. |

**BARBARA W. WEBB, Justice**

Appellant Shanny Grady was convicted by a Greene County jury of five counts of rape and sentenced to five concurrent terms of life imprisonment. For his sole point on appeal, Grady argues that the circuit court abused its discretion by denying his motion for continuance. We affirm.

Because Grady does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary. *See, e.g.*, *Springs v. State*, 368 Ark. 256, 244 S.W.3d 683 (2006). In 2020, Grady was charged with the rape of his stepson, a minor child ("MC"). At trial, MC testified Grady raped him for the first time in 2018. Grady subsequently raped MC on numerous occasions. Grady was convicted on all five counts of rape and sentenced to life imprisonment. He now appeals.

Grady argues on appeal that the circuit court abused its discretion by denying a continuance to investigate a supplemental DNA report purportedly provided to the defense

the Friday before trial. He contends that the court's denial of a continuance prevented him from obtaining his own DNA expert to challenge the report.

On the day of trial, Grady made reference to the State's supplemental DNA report. The following colloquy occurred:

| | |
|---|---|
| THE COURT: | All right. Sir, is there anything else you wanted to state? |
| GRADY: | As far as evidence being presented to me, is there a timely manner in that? |
| THE COURT: | I'm not sure I understand your question. |
| GRADY: | I was presented some evidence in the last five days that I have not really had time to have my attorney to investigate. |
| THE COURT: | What is that evidence? |
| GRADY: | DNA evidence and the evidence of a flat sheet and a fitted sheet. Rhonda Thomas stated that came off my stepson's bed. But there is no DNA of my stepson— |
| DEFENSE COUNSEL: | Mr. Grady, I'm sorry to interrupt you. You feel free to speak with Judge Honeycutt and tell her everything you want to. But I want to caution you at this point, there's three prosecutors in this room who are about to take this case to trial. And as the old saying goes, especially from the judges at the very beginning of the proceeding, anything you say can or may or might be or will be used against you. And if you start going down a road of ringing a bell right now in the presence of three prosecutors, that may not be a good idea. So I would advise you to proceed at your own caution. |
| DEFENSE COUNSEL: | Your Honor, we did discuss this yesterday and explained to him once again that that's what cross-examination is for. |
| THE COURT: | Okay. Did you want to say anything else? |
| GRADY: | I think my attorney just advised me to stay quiet. |

| | |
|---|---|
| DEFENSE COUNSEL: | I said that is your option. |
| THE COURT: | All right. If there are no other motions on the floor, then I guess we'll adjourn this hearing back here and proceed out to select a jury. |

As the record demonstrates, Grady never requested a continuance to obtain an expert to perform DNA testing. An appellant is bound by the scope and nature of the arguments made at trial and may not change or enlarge those grounds on appeal. *Collins v. State*, 2019 Ark. 110, at 6, 571 S.W.3d 469, 472. Because Grady's argument is raised for the first time on appeal, it is not preserved for our review. *Lewondowski v. State*, 2022 Ark. 46, at 18, 639 S.W.3d 850, 858.

Rule 4–3(a) Review

Because Grady was sentenced to life imprisonment, this court, in compliance with Arkansas Supreme Court Rule 4-3(a), has examined the record for all objections, motions, and requests made by either party that the circuit court decided adversely to Grady. We find no prejudicial error.

Affirmed.

*Lassiter & Cassinelli*, by: *Megan Wilson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christian Harris*, Sr. Ass't Att'y Gen., for appellee.