Cite as 2026 Ark. 16

# SUPREME COURT OF ARKANSAS

No. CR–24–598

| | | |
|---|---|---|
| SHAWNA CASH | | **Opinion Delivered:** February 5, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT |
| V. | | [NO. 04CR-21-1543] |
| STATE OF ARKANSAS | | HONORABLE BRAD KARREN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**BARBARA W. WEBB, Justice**

Appellant Shawna Cash ran over and killed Officer Kevin Apple of the Pea Ridge Police Department. She was convicted of one count each of capital murder, fleeing, obstruction of governmental operations, as well as two counts of aggravated assault. Cash was sentenced to an aggregate term of life imprisonment. For reversal, Cash argues that the circuit court abused its discretion by (1) admitting a recorded phone call she made from jail; (2) overruling her objection to the prosecutor's remarks during closing arguments; and (3) admitting evidence of a prior incident involving a stolen key fob. We affirm.

## I. *Background*

Because Cash does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary. *See, e.g.*, *Grady v. State*, 2023 Ark. 91. On June 26, 2021, Cash was driving through Rogers in a blue Jeep Cherokee with Elijah Andazola as passenger when she stole mail out of Oscar Olvera's mailbox. Olvera followed the two to a Walgreens parking lot where he held them at gunpoint and called the police. As police arrived, Cash

and Andazola fled. The Rogers Police Department issued a notice to be on the lookout for a Jeep Cherokee that had fled from police that day.

Officer Brian Stamps of the Pea Ridge Police Department spotted the Jeep unoccupied at a gas station. Officer Stamps called Officer Apple for assistance. When Cash and Andazola returned to the Jeep, Officer Apple parked his patrol car in front of the vehicle, and Officer Stamps approached from behind. Both officers exited their patrol cars with their guns drawn.

Cash reversed the Jeep and struck Officer Stamps's patrol car. Cash then accelerated forward, striking and killing Officer Apple. She subsequently crashed the Jeep and was arrested after fleeing from responding officers.

Following a jury trial, Cash was convicted of capital murder, fleeing, obstruction of governmental operations, and aggravated assault. She received an aggregate sentence of life imprisonment. This appeal followed.

## II. *Discussion*

### A. Jail Call

Cash first argues on appeal that the circuit court erred by admitting a recorded phone call she made from jail on December 12, 2022. The following was played for the jury:

| UNIDENTIFIED MALE: | So what are they saying about your case, bro? |
|---|---|
| CASH: | Okay, so at first she was like involuntary manslaughter, negligence homicide, and then she seen the video of what happened and she went straight to saying capital murder. |
| UNIDENTIFIED MALE: | What the fuck? That's crazy. I'm so sorry. |

2

CASH: She was like, "There's no way you didn't know you hit him," and this and this and that. I'm like, "The fuck are you talking about, bro? I was high as fuck."

UNIDENTIFIED MALE: Right.

CASH: And he was doing exactly what he was trained not to do. First of all, when he pulled up on me, he didn't have his lights on.

Second, he should have never pulled up in front of me. He should have pulled up behind me. That's what he's trained to do, and he did not do it. He went against what he was trained to do, so therefore negligent homicide.

And I did not escape, I was fleeing. He never had me out of my vehicle. He never had me in handcuffs. It's not escape, so therefore it's not capital murder.

But it all depends on what my other attorney says. She was like, "I want to talk to Lee, your other attorney."

The State argued that this call was probative to Cash's mental state; however, it acknowledged that the portions of the exchange that included legal opinions of Cash's attorney should be removed. The circuit court also expressed its concern regarding references to Cash's attorney. Defense counsel objected to the admission of the call in its entirety; however, she requested that there be no redactions if the court were to admit the call.

Cash now claims the call should not have been admitted because, in it, she discusses her attorney's opinion as to whether she had committed involuntary manslaughter or capital murder. Yet this portion of the call was admitted at defense counsel's request. We have repeatedly held under the invited-error rule that one who is responsible for error cannot be heard to complain of that for which she was responsible. *Britton v. State*, 2014 Ark. 192, 433 S.W.3d 856. As such, Cash cannot now complain of the circuit court's ruling.

3

## B. Closing Argument

Cash next argues that the circuit court erred by overruling her objection to the prosecutor's remark during closing argument that "[f]leeing from the police is not only a sport for her; it's a way of life." She argued that such a statement was improper under Arkansas Rule of Evidence 404(b). In response, the State contended the statement went to "intent, motive, plan, [and] modus operandi." The circuit court agreed with the State and overruled the objection.

The circuit court is given broad discretion to control counsel in closing arguments, and we do not interfere with that discretion absent a manifest abuse of discretion. *Mills v. State*, 322 Ark. 647, 910 S.W.2d 682 (1995). Closing remarks that require reversal are rare and require an appeal to the jurors' passions. *Id.* Further, the circuit court is in the best position to evaluate the potential for prejudice imputed to the prosecutor's remarks. *Id.*

Under Rule 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. Ark. R. Evid. 404(b). However, such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.*

Cash asserts that the prosecutor's remark was an improper use of prior bad acts, as it was a propensity argument, which is prohibited under Rule 404(b). *De la Garza v. State*, 2025 Ark. 10, 704 S.W.3d 627. She is wrong. Evidence was admitted at trial of multiple prior instances in which she fled from police. This was meant to demonstrate that Cash had the requisite intent to flee and acted with premeditated and deliberated purpose of causing the death of a police officer. *See* Ark. Code Ann. § 5-54-125(d)(3) (Repl. 2024) ("Fleeing

4

by means of any vehicle or conveyance is considered a Class C Felony if . . . a person purposely operates the vehicle or conveyance in such a manner that creates a substantial danger of death[.]"); Ark. Code Ann. § 5-10-101(a)(3) (Repl. 2013) ("A person commits capital murder if . . . [w]ith the premeditated and deliberated purpose of causing the death of any law enforcement officer . . . the person causes the death of any person[.]"). Consequently, the prosecutor's remark during closing argument was not improper, and the circuit court did not err by overruling Cash's objection.

## C.  Stolen Key Fob

Last, Cash argues that the circuit court erred by admitting evidence of an incident involving a stolen key fob. Darla Simpson testified that she was missing the key fob to her Mercedes. She observed an SUV sitting in a nearby parking lot. The driver was an older Hispanic male, and Cash was sitting in the passenger seat. Simpson approached the vehicle and observed Cash in possession of her key fob. After Simpson retrieved the key fob, the driver of the SUV attempted to run over her before fleeing the scene.

Cash argued that this testimony was irrelevant because she was not the driver in that instance. The State replied that it indicated a "pattern of behavior" as well as motive and lack of mistake. The circuit court admitted the testimony, finding that it demonstrated "proof of intent, proof of motive, [and] opportunity."

The admission or rejection of evidence under Rule 404(b) is committed to the sound discretion of the circuit court, and this court will not reverse absent a showing of manifest abuse of that discretion. *Gentry v. State*, 2021 Ark. 26. Evidence offered under Rule 404(b) must be independently relevant to make the existence of any fact of consequence more or less probable than it would be without the evidence. *Id.* The prior bad act must be

5

independently relevant to the main issue, in that it tends to prove some material point rather than merely proving that the defendant is a criminal. *Id.*

We agree with Cash that evidence of the incident with the key fob was not independently relevant to demonstrate Cash's intent to flee and commit capital murder in this case, given that she was not the driver in that instance. Nevertheless, we conclude that the harmless-error doctrine applies. When a circuit court errs in admitting evidence, this court may declare an evidentiary error harmless if the evidence of guilt is overwhelming and the error is slight. *Collins v. State*, 2019 Ark. 110, 571 S.W.3d 469. To determine if the error is slight, we look to see if the defendant was prejudiced. *Barrett v. State*, 354 Ark. 187, 119 S.W.3d 485 (2003). Here, Cash cannot demonstrate she was prejudiced by the key fob evidence, as jurors had already heard other instances of Cash fleeing. Furthermore, ample evidence was adduced to support the jury's conclusion that Cash had the requisite intent to flee and commit capital murder. This included gas-station surveillance footage of the murder, testimony from multiple eyewitnesses, and recorded jail calls wherein Cash conceded her culpability. Accordingly, even if the key fob evidence was erroneously admitted, we conclude that it was harmless error.

Affirmed.

*Short Law Firm*, by: *Lee D. Short*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

6